Allen *v.* Saulpaw.

6L 477
16L 145

JAMES H. ALLEN *v.* GEORGE W. SAULPAW *et al.*

CHANCERY PRACTICE. *Jury.* Either party to a suit in chancery has a right to demand a jury to try and determine any issue of fact involved in the suit, and the demand may be made at any time before the case is in fact heard by the chancellor.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

SMITH, BAXTER & ALLISON and M. B. HOWELL for complainant.

N. MALONE and DEMOSS & MALONE for defendants.

W. B. REESE, Sp. J., delivered the opinion of the court.

James H. Allen, on the 27th of May, 1873, filed in the chancery court at Nashville the original bill in this cause against George W. Saulpaw and others. The object of this bill was to wind up and settle a partnership theretofore existing between the complainant and the defendant Saulpaw and the others who were made parties defendant to the bill. On the 6th of December, 1873, the complainant filed an amended and supplemental bill in the cause. The defendant Saulpaw, on the 2d of February, 1874, answered the amended bill. The complainant Allen, on the 9th of April, 1874, filed a second amended and supplemental

bill, to which defendant answered upon the 25th of July, 1874. Thereafter, the parties to this suit proceeded to take proof, and continued to do so until the month of September, 1876.

At the April term, 1877, of the chancery court at Nashville, the cause was ready for hearing, and upon the 18th of April it was on the call of the docket of that day for hearing, but before the calling of the docket for the day was commenced, the complainant Allen presented in open court certain issues to the chancellor, and demanded a jury to try said issues of fact in dispute in the case. This demand for a jury the chancellor refused to grant. The complainant then asked the chancellor of his own authority to order the issues presented to be tried by a jury, upon the ground that the questions presented thereby were peculiarly fit to be tried by a jury. This application was also refused. The complainant then presented certain witnesses in open court, and proposed to prove by them orally certain matters claimed to be material to complainant's case. The chancellor refused to allow the witnesses to be orally examined in the court. To these various applications of the complainant, the defendant Saulpaw objected. To the action of the chancellor in refusing these said several demands and applications, the complainant excepted, and tendered a bill of exceptions in which all this is set forth in full, and it was signed and sealed by the chancellor, and was made a part of the record in the case.

The chancellor then proceeded to hear the case upon the bills, answers, exhibits and proof filed in

the cause, and upon the 9th of May rendered a final decree in the cause, settling the rights of the parties, and ordering an account to be taken by the clerk and master. The report thus ordered having been made and being unexcepted to, was, on the 27th of May, 1877, confirmed by the court. From the decree ordering the account, and from the decree confirming the report of the clerk and master, the complainant appealed to this court, giving bond and security as required by law.

Before the act of the Legislature of 1845-6, ch. 122, was passed, there had been various acts regulating the practice in regard to jury trials in chancery cases. But since the passage of the act of 1845-6 and the enactment of secs. 4465, 4466, 4467, 4469 and 4470 of our Code, there has been, in our opinion, a radical change in the law effected in regard to jury trials in chancery. Before the act of 1845-6, the granting of a jury or the ordering of the submission of facts to a jury was largely a matter of discretion with the chancellor. But after the act of 1845-6, it became the right of either party to demand a jury to try and determine any issue of fact involved in any case pending in the chancery courts in the State, and the finding of the jury in the premises was given the same force and effect as at law. Sec. 14, ch. 122, of the acts of 1845-6, is as follows:

"That from and after the passage of this act, it shall be the duty of the chancellors of this State, upon application of either of the parties, to impanel a jury to try and determine any issue of fact involved

in any case pending in said courts, the finding of which jury shall be final and conclusive upon the chancellor so far as the facts involved in the issue are concerned: *Provided,* the chancellors shall have power to grant new trials under the same rules and regulations that the circuit courts now have power to grant new trials."

The language of the Code, from sec. 4465 to 4470, is no less explicit and emphatic. It is as follows:

"Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, and all the issues of fact in any case shall be submitted to one jury. If the demand is made in the pleadings, the cause shall be tried at the first term, before a jury summoned instanter, in the same way that jury causes are tried at law. If the demand is made after the cause is ready for hearing, the trial will be before a jury summoned instanter, upon the like evidence as a suit at law, together with such parts of the bill, answers, depositions and other proceedings in the cause as the court may order. The issues shall be made up by the parties under the direction of the court, and set forth briefly and clearly the true questions of fact to be tried. The trial shall be conducted like other jury trials at law, the finding of the jury having the same force and effect, and the court having the same power and control over the finding as on such trials at law. The parties, in all jury trials in chancery, summon witnesses and enforce their attendance as at law."

Allen *v.* Saulpaw.

We therefore think it was the right of the complainant to demand and have a jury to try and determine the issues of fact involved in the case, and that his Honor, the Chancellor, erred in refusing the demand made for a jury, on the 18th of April, 1877, by the complainant. There is nothing in the Code which says that the demand for a jury shall be made as soon as the case is ready for hearing. We hold, therefore, that the demand may be made at any time before the case is, in fact, heard by the chancellor.

To the objection that such demand made at the time the case is about to be heard, may often be, and was in this case, a surprise and hardship to the other parties to the suit, there are two obvious answers. It being the legal right of either party to demand a jury, neither can be said to be legally surprised if this right is exercised. And it is within the power of the chancellor, if such demand shall produce injustice to the other party, to grant such postponement, or continuance, or new trial, as in his sound discretion shall seem right and proper. In this very case, the demand was made for a jury upon the 18th of April, 1877, and final decree was rendered confirming the report of the clerk and master upon the 27th of May thereafter, within which time opportunity might have been afforded the defendant to have procured the attendance of absent witnesses had the ends of justice demanded.

It is further objected, that, by the act of 1875, the right at law to submit issues to the determination of a jury must be claimed in the pleadings, and that

31—VOL. 6.

the Legislature now in session is about to pass a similar law applicable to trials by jury in chancery courts. We do not think the act of 1875 applied to this case, and it is not the province of this court to render the right to demand a jury at law and in chancery symmetrical and harmonious. It is the duty of the court to apply and enforce the law as it finds it upon the statute book.

The result is, the decrees of the chancellor rendered in this case, adjudging the rights of the parties and ordering an account and confirming the report of the clerk and master, are reversed and set aside, and the case will be remanded to the chancery court at Nashville for such further proceedings as the parties may be entitled to and elect to take under the law, as held in this case by this court.

It may be proper for us to add, that we have examined the record sufficiently to see that it is one of those cases usually referred to a jury to determine. It is simply a disputed and doubtful question of fact, to be determined by the weight of evidence, the character and credibility of the witnesses.