COOPER & STOCKELL *v.* S. B. STOCKARD *et al.*

CHANCERY CASES.  *Effect of Act of* 1875.  Suits pending in chancery do not fall within the description of suits " triable by jury," as contemplated by the act of 1875, Code, sections 3602 to 3605, inclusive.

### FROM MAURY.

Appeal from the Chancery Court at Columbia.  A. G. MERRITT, Ch., presiding by interchange.

G. P. FRIERSON for complainants.

N. R. WILKES and WRIGHT & BULLOCK for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in the chancery court of Maury county, to collect a fee off S. B. Stockard, for professional services rendered by complainants, who were lawyers to said Stockard. At the trial term, when the cause was called, the defendant demanded a jury to try the issues of fact between the parties, which was refused, thereupon the chancellor heard the case and rendered a decree for complainants for the amount claimed in the bill, and defendant appealed.

The Referees, by a majority report, one of their number dissenting, recommend a reversal of the decree, upon the ground that the chancellor erred in refusing to empannel a jury as demanded by defendant, and complainants excepted.

The contest made by the answer was mainly as to the amount of the fee demanded by the complainants.

The exception to the report raises the question whether the act of 1875, chapter 4, new Code, sections 3602 to 3605, inclusive, applies to causes in the chancery court as well as to those in the law courts. That statute provides: " When any civil suit is brought in any of the courts of record in this State, whether such suit comes to such court by summons, appeal, *certiorari* or otherwise, and which is now triable by jury, either party desiring a jury shall, in case of original suits, demand a jury, in his first pleading, tendering an issue triable by jury. In the case of all other suits, the demand for a jury shall be made within the first three days of the trial term, and if no such demand is made as aforesaid, and in the manner and time as aforesaid, the clerk shall place such cause on the docket, to be styled the non-jury docket. A failure to demand a jury as aforesaid, shall be deemed and held, conclusively, an agreement of the parties to submit all issues and questions of fact to the decision of the judge, without a jury; and if such demand is made, as aforesaid, then the clerk shall place the cause, wherein the demand is made, upon a docket to be styled 'jury docket.' At any time, any cause upon either of said dockets may, by consent of both parties, be changed from a jury cause to a non-jury, or *vice versa*, and shall be docketed according to the change."

These provisions are found in chapter 9, article 1, of the new Code, which, in its first section (3592),

declares "the. pleadings treated of in this chapter apply to all actions at law, and to all legal proceedings for the redress of civil injuries in which pleadings are necessary, and not otherwise expressly prescribed." Then follow directions as to the declaration, pleas, general issue with notice, etc., and forms of declarations and pleas. In respect to the trial of issues of fact by a jury in chancery, special provision is made by the Code. See sections 4463, 4470, old Code; sections 5215, 5220, new Code.

His Honor, chancellor Merritt, who presided by interchange with the chancellor of the division, held that the act of 1875 applied as well to causes in the chancery court as in the courts of law, and refused the demand of defendant for a jury, because it was not made in his answer, his first pleading in the cause. And this is the only question material to be considered and disposed of in the case.

There is in the act of 1875 this language: "When any civil suit is brought in any of the courts of record in this State by summons, appeal, etc., and which is now triable by jury," etc. This suit is a civil suit, and the chancery court is a court of record, and thus far this case is within the literal terms of the act, but pursuing its provisions, we see the suit, to be within the act, must also be such as was at and before the passage of the act "triable by jury." There were other courts beside the circuit court, which had this jurisdiction expressly conferred. But, as I understand the term "triable by jury," it means suits pending in said courts, which are to be tried by jury,

Cooper & Stockell *v.* Stockard.

in the usual and ordinary course of the procedure of such courts. And such was obviously the sense in which it was used in the act of 1875.

The modes of bringing civil suits in the courts of record specified in the act of 1875, by summons, appeal or *certiorari,* are peculiar to the courts of law. Suits are not thus brought into the chancery courts. But the mode of bringing a suit in the chancery court is by bill or petition, and after the suit is brought a subpœna to answer issues, requiring the defendant to appear and answer. The common law writ of summons is unknown to chancery procedure in the bringing of a suit.

In Story's Equity Pleadings, section 7, it is said when a party has a case, redressible only in a court of equity, "he commences his suit" by preferring to the court a written statement of his case, which is called a bill in chancery or a bill in equity, which is in the nature of a petition to the court.

Upon the filing of the bill, which puts the case in court, the subpœna to answer and copy of the bill issue. But the jury in chancery does not really try the suit between the parties, so as to determine all the questions and settle all the rights between the parties. Their verdict is not in favor of one or against the other, for any sum of money or for the recovery of any specific property, if the suit is brought to recover one or the other.

The statute provides that either party to a suit in chancery may have a jury to try and determine any material fact in dispute, and all the issues of fact in

any case shall be submitted to one jury. The issues are made up under the directions of the court, and must set out the questions to be tried. In practice, these questions are literally questions propounded to the jury, which, in their verdict, they are required to answer affirmatively or negatively. They return no verdict in favor of the plaintiff for the money or thing sued for; but say such and such allegations or propositions are true or false. Then the chancellor, if he allows the verdict to stand, considers the facts found as true, and tries and determines the rights of the parties as he deems just and right, in view of the facts found. In other words, the jury report their opinion upon the questions submitted to them, and the chancellor tries and determines the suit between the parties upon the facts reported, and other facts before them, and the law governing the case. So that suits pending in chancery do not fall within the description of suits "triable by jury," as contemplated by the act of 1875, for the reason that the suit in chancery is not triable by jury, but they try only such facts as are submitted to them to be tried, which may aid the court in trying and deciding the case.

No allusion is made to the act of 1845 and 1846, providing for the trial of issues of fact in chancery, in the act of 1875. The object of this last named act was to obstruct the trial of cases by jury, and thus save time, costs and trouble. The Legislature, from the terms of the act and its purpose, manifestly had no thought of interfering with the act authoriz-

ing jury trials for special purposes in chancery, but to remedy the greater mischief of consumption of time in the law courts. The number of jury trials in chancery has always been insignificant.

The act of 1875, as stated, has been placed by the compilers of the new Code in the first article of chapter 9, which treats of pleading in actions at law. The act of 1845 provides the mode of trying issues of fact, and if it had been the intention of the Legislature to interfere with that act, we think there would have been some expressions to indicate such purpose. Both acts can stand. They are not repugnant, and we think it was not intended that they should be. This being so, even if the language would seem to express a different intention, it ought not to receive such construction: Sedg. on Stat. and Com. Law, 103, 104; 2 Baxt., 249; 2 Sneed, 88.

Although the act of 1875 did not apply in the case of *Allen* v. *Saulpaw*, 6 Lea, 477, and it was so held by the court, it is obvious that the reason controlling the court was, that said act did not apply to trials of issues of fact in the chancery court. It did not apply, for the further reason, that the act was passed long after the filing of the bill. Special Judge Reese, delivering the opinion of the court, said: "It is further objected that, by the act of 1875, the right at law to submit issues to the determination of the jury, must be claimed in the pleadings, and that the Legislature now in session, is about to pass a similar law applicable to trials by jury in chancery courts. We do not think the act of 1875 applies to

this case, and it is not the province of this court to render the right to demand a jury at law and in chancery symmetrical and harmonious," etc.    A jury had been demanded and refused, and the decree was reversed, this court holding the demand may be made at any time before the hearing.    We think it is clear that the Legislature did not intend that the act of 1875 should apply to chancery courts, and therefore, it should not receive that construction.

The result is, we approve the report of the majority of the Referees, exceptions thereto are disallowed, and the chancellor's decree will be reversed and the cause will be remanded to the chancery court for further proceedings.    The complainants will pay the costs of this court.