## VESTER M. STEPP v. GRETCHEN STEPP.

Western Section. April 3, 1930.

Petition for Certiorari denied by Supreme Court, May 19, 1930.

L. H. Graves, of Memphis, for appellant.
A. D. Bearman, of Memphis, for appellee.

OWEN, J. Mrs. Gretchen Stepp obtained a divorce from her husband the defendant, Vester M. Stepp, in the Circuit Court of Shelby county. There was a motion for a new trial which was overruled, due exceptions made and an appeal had to the Supreme Court, which court transferred the case to this court.

The defendant has assigned three errors, which errors raise but one proposition and that is: The trial judge denied the defendant's right to a jury to try the cause.

It appears that a petition for the complainant was filed September 27, 1928; subpoena to answer was executed on the defendant the same day. On the 16th of October, 1928, the defendant filed his answer, denying complainant's material allegations as to habitual drunkenness and cruel and inhuman treatment. The cause was set for hearing on the 14th day of November, 1928. Neither party had asked for a jury in their pleadings. After the plaintiff announced ready for trial, counsel for the defendant moved for a jury and the following took place as it appears from the transcript:

"MR. GRAVES: If your Honor please, in order to have the record clear, the defendant, V. M. Stepp, desires to move the court for a jury, and state the following facts:

"That this bill for divorce, number 26686, filed on September 27, 1928, after the beginning of the new term; that is, the September, 1928 term, which began the third Monday in September, 1928.

"To this complaint the defendant filed an answer on October 16, 1928.

"That the case is now posted, set for trial today. In neither pleading has a jury been demanded, but in open court, now, before the trial of the case is begun, and on the very date the same is set for trial, the defendant moves this court for a jury trial.

"THE COURT: Now, probably the court ought to state that it is now in the regular dispatch of business in this court, and it is now in the trial purely of divorce cases, and the practice that is now being followed is according to the rules of the court, and it has met with the approval of the bar, and it is being done with the knowledge of the bar, and I think that statement should be made along with yours, so that the question will be understood from that standpoint.

"MR. GRAVES: If your Honor please, I wish the court would go this far in making that statement, that it is a fact that the rules do not limit you to a time when the jury should be demanded. I want the record to show that there is nothing contrary to our contention on that.

"THE COURT: No, the demand is overruled. I do not think that you can interfere with the orderly conduct of cases and the trial of them at any such late date. It is my understanding, and I am sure that I am right, that the local bar has sanctioned the rule under which we work. Now, in order to get the case up, I imagine you will have to have a decree entered.

"MR. GRAVES: Yes, and reserve an exception.

"THE COURT: Yes. We will proceed with the conduct of the trial.

"MR. GRAVES: Having demanded a jury, I think the defendant would be in a better position not to take part in the trial.

"THE COURT: All right.

"MR. GRAVES: I therefore desire to let the record show that the court overruled the motion, the demand for a jury, and the defendant reserved an exception to the action of the court.

"THE COURT: Let all witnesses come around and be sworn." (The witnesses were thereupon sworn by the clerk, and placed under the rule.)

The only rules copied in the bill of exceptions are the rules in regard to motions for a new trial. The defendant offered no testimony. Complainant's testimony fully supported the allegations of her bill.

Divorce suits, whether in the chancery court or in the circuit court, are in their essential nature and to all intents and purposes chancery proceedings. Francis v. Francis, 3 Tenn. Civ. App., 469, 471 (1912).

The appellant relies upon the following propositions of law in support of his assignments:

Either party may demand a jury at any time before the hearing is actually begun. Allen v. Saulpaw, 6 Lea, 477; Cooper & Stockell v. Stockard, 84 Tenn., 140; Worthington, Admx., v. N., C. & St. L., 114 Tenn., 177.

A jury can be demanded, in a chancery proceeding, after the cause is ready for hearing. Sec. 6284, Shannon's Code (Acts 1831, Ch. 54, Sec. 1); Allen v. Saulpaw, 74 Tenn., 477; Cooper & Stockell v. Stockard, 84 Tenn., 140.

Counsel for the appellee, the complainant below, relies upon Sections 4611 and 4612 of Shannon's Code, as follows:

Section 4611: "When any civil suit is originally brought in any of the courts of record in this State, which is triable by jury, either party desiring a jury shall demand a jury in his first pleading tendering an issue triable by jury, or he shall call for the same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury; and unless such demand is made and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury."

Section 4612: "In the case of all other suits, either party desiring a jury shall call for the same, on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury, and unless such demand is made and entry thereof on the trial docket, it shall be the duty of the court to try the case without a jury; and if no such demand or call is made as aforesaid, and in the manner and time as aforesaid, the clerk shall place such cause on the docket to be styled the 'Non-Jury Docket.'"

We are of the opinion that this cause being tried according to the rules of Chancery, Sections 4611 and 4612 do not apply but Section 6282 of Shannon's Code applies which is as follows:

"Either party to a suit in chancery is entitled upon application, to a jury to try and determine any material fact in dispute, and all the issues of fact in any case shall be submitted to one jury."

The statutes embraced in Sections 4611 to 4616 have no application to the chancery courts and the demand of a jury to try issues of fact therein may be made in the absence of any rule of court regulating the matter, at any time before the cause is heard by the Chancellor. Allen v. Saulpaw, supra; Cooper & Stockell v. Stockard, 16

Lea, 140; Cheatham v. Pearce, 5 Pickle, 668; Worthington, Admx., v. Railroad, 6 Cates, 181.

In the case of Allen v. Saulpaw, supra, the appeal was from the learned Chancellor W. F. Cooper, afterwards a member of the Supreme Court. The opinion was delivered by Honorable W. B. Reese, Special Judge. The following facts are pertinent in said case:

"At the April term, 1877, of the chancery court at Nashville, the cause was ready for hearing, and upon the 18th of April it was on the call of the docket of that day for hearing, but before the calling of the docket for the day was commenced, the complainant Allen presented in open court certain issues to the Chancellor, and demanded a jury to try said issues of fact in dispute in the case. This demand for a jury the chancellor refused to grant. The complainant then asked the Chancellor of his own authority to order the issues presented to be tried by a jury, upon the ground that the questions presented thereby were peculiarly fit to be tried by a jury. This application was also refused. The complainant then presented certain witnesses in open court, and proposed to prove by them orally certain matters claimed to be material to complainant's case. The Chancellor refused to allow the witnesses to be orally examined in the court. To these various applications of the complainant, the defendant Saulpaw objected. To the action of the Chancellor in refusing these said several demands and applications, the complainant excepted, and tendered a bill of exceptions in which all this is set forth in full, and it was signed and sealed by the Chancellor, and was made a part of the record in the case.

The Chancellor then proceeded to hear the case upon the bills, answers, exhibits and proof filed in the cause, and upon the 9th of May rendered a final decree in the cause, settling the rights of the parties, and ordering an account to be taken by the Clerk and Master. The report thus ordered having been made and being unexcepted to, was, on the 27th of May, 1877, confirmed by the court. From the decree ordering the account, and from the decree confirming the report of the Clerk and Master, the complainant appealed to this court, giving bond and security as required by law.

The result is, the decree of the Chancellor rendered in this case, adjudging the rights of the parties and ordering an account and confirming the report of the Clerk and Master, are reversed and set aside, and the case will be remanded to the chancery court at Nashville for such further proceedings as the parties may be entitled to and elect to take under the law, as held in this case by this court.

It may be proper for us to add, that we have examined the record sufficiently to see that it is one of those cases usually referred to a jury to determine. It is simply a disputed and doubtful question

of fact, to be determined by the weight of evidence, the character and credibility of the witnesses.''

It appears that there was no rule of the chancery court as to when the parties should call for a jury, in the Allen v. Saulpaw case.

In Cooper v. Stockard, Chief Justice Deaderick, delivering the opinion of the court, held that:

"Suits pending in chancery do not fall within the description of suits 'triable by jury,' as contemplated by the Act of 1875 which is now Sections 4611 and 4612.''

In the case of Worthington v. Railroad, it was held that where the complainant had demanded a jury in his bill but waived at the first trial, agreeing that the Chancellor might try the case as a jury, it does not deprive the defendant of the right to demand a jury on the second or new trial, especially where it was not shown that there was any rule regulating the matter.

The prevailing opinion seems to be that the waiver of a jury at one term will not estop the party from claiming it at a subsequent term or after a new trial has been granted. Thompson on Trials, Vol. 1, Section 2.

Chancellors possess inherent power to make reasonable rules with reference to demanding of jury trials and presenting issues therefor in the chancery courts; and a rule which requires ''that application for a jury must be made within the first three days of the trial term is reasonable or a rule requiring the jury to be demanded on or before the second day of the term'' is reasonable. Cheatham v. Pearce, supra; Denton v. Woods, 2 Pickle, 37; Wood v. Frazier, 2 Pickle, 509.

It is the duty of the party applying for a jury in the chancery court to submit proper issues; and if the issues be immaterial, neither the Chancellor nor the Supreme Court will be bound by the verdict, and the cause will be decided without a repleader. Ragsdale v. Gossett, 2 Lea, 729, 739-741.

In the instant case, as shown by the transcript, no issues were submitted to the trial judge, who was hearing this divorce case, according to the rules of practice applicable to the chancery court. The court said, that in the trial of divorce cases he was following the practice according to the rules of the court which rules have met the approval of the bar, and when counsel for appellant asked the court to state that the rules do not limit one to a time when a jury should be demanded, the court replied, ''no, the demand is overruled.'' The record is silent as to what the rule is that the court had before it at the time it passed on appellant's motion for a jury. The court stated that the rule had been approved by the Memphis Bar. We, therefore, presume that the rule was a reasonable one in the absence of anything to the contrary and as Chan-

584

cellors and judges have the right to make reasonable rules as to when a party 'shall demand a jury, when no jury has been demanded in the pleadings, we are of the opinion that the trial judge was not in error in declining defendant's motion for a jury.

The complainant was there with her witnesses and evidently the defendant had not made his request for a jury in compliance with the rules of the court; he made no defense to complainant's allegations, the only question being:—''was he denied his constitutional rights to a trial by jury?'' A Chancellor or Circuit Judge has inherent power to make reasonable rules for the expediting of litigation and with reference to demanding jury trials and presenting issues therefor, and in the instant case the trial judge stated that he was following the rules of the court in denying the demand for a jury. We are of the opinion, nothing to the contrary being shown, that the rule enforced by the trial judge was a reasonable one.

It results that the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. Execution will issue against the appellant and his surety on appeal bond for all the costs of the cause.

Heiskell and Senter, JJ., concur.