DeBerry v. State.

(*Jackson.*     June 12, 1897.)

1. INDICTMENT.   *Sufficient for ravishing female under ten years of age.*

An indictment alleging that defendant made an assault and bat-
tery on a female under ten years of age, with intent to have
carnal knowledge of her and with intent to commit rape, and
that, forcibly and against her will, defendant did ravish and
criminally know her, is not bad for repugnancy or duplicity,
but distinctly charges the crime of ravishing a female under
ten years of age. (*Post, pp. 212, 213.*)

2. CRIMINAL PRACTICE.   *No reversal for alleged errors of Court in
refusing to quash counts of indictment.*

Alleged errors, in dealing with counts of an indictment of which
defendant is acquitted, will not be considered on appeal. (*Post,
p. 213.*)

3. SAME.   *Discharge of juror for sickness.*

The withdrawal and discharge of a juror in a criminal case who
becomes too ill to perform his duties during the progress of
the trial, after which a new juror is impaneled and the trial
commenced *de novo*, as authorized by Shannon's Code, § 5840,
will not authorize a plea of former jeopardy. (*Post, pp. 213-215.*)

Code construed: § 5840 (S.); § 4804 (M. & V.); § 4028 (T. & S.).

Cases cited and approved: State *v.* Curtis, 5 Hum., 601; Snowden
*v.* State, 7 Bax., 484; Garner *v.* State, 5 Yer., 160; Mahala *v.*
State, 10 Yer., 537; Lewis *v.* State, 3 Head, 143.

4. SAME.   *Prosecutor not incompetent, when.*

Evidence that the prosecutor, whose name is marked on an in-
dictment, had sustained a fracture of the skull does not require
the granting of a new trial on the ground that the prosecutor
was an imbecile, incapable of doing any business, where such
objection was not presented either by plea in abatement or by
any evidence of imbecility. (*Post, p. 215.*)

5. SAME. *Irregularities cured by verdict.*

    Failure to mark the names of witnesses on an amended indictment, or of the record to show on what day of the month or year the amended indictment was found, is cured by verdict. (*Post, p. 215.*)

6. SAME. *Charge not misleading, when.*

    A reference by the Court in an instruction, to an assault and battery with intent to rape, as being set out as the second charge of the indictment instead of the third, is not ground for reversal where he subsequently explains that such crime is charged in the third count. (*Post, pp. 216, 217.*)

---

FROM SHELBY.

---

Appeal in error from Criminal Court of Shelby County. L. P. COOPER, J.

CASSELS & CASSELS for DeBerry.

Attorney-general PICKLE for State.

McALISTER, J. The prisoner was convicted in the Criminal Court of Shelby County of an assault and battery with intent to ravish a female under the age of ten years, and his punishment fixed by the jury at death by hanging. Motion for new trial and in arrest of judgment having been overruled, the prisoner has appealed.

The first assignment of error is that the verdict was not warranted by the evidence. The victim of the alleged crime was a little white girl about seven

years of age, named Elenora Eigiman, who, with her parents, lived on a farm near Frayser Station, in Shelby County. The prisoner and his wife occupied a room on the premises, the wife being employed to cook and the prisoner to do such work as might be required. The husband of Mrs. Eigiman had, a short time before this, sustained a fracture of the skull, and at the time of the injury to the child was confined at St. Joseph's Hospital, in Memphis. On the day the child was assaulted Mrs. Eigiman had gone to Memphis to see her husband, and left her three children, aged seven, five, and two years, respectively, in charge of defendant and his wife. No other person lived on the place, and no one else was there when she left.

Mrs. Eigiman testified that when she left in the morning the little girl, Elenora, was complaining of not feeling well, and was only dressed in her night clothes; that when she returned, late in the afternoon, she found Elenora in bed, nervous and crying, as if in pain. When asked the cause, she made no response, and all that night the child moaned in her sleep. Next morning, the mother went to the child's bed, and discovered that her night garments and the bed clothes were bloody. Further examination revealed the fact that the child's parts were swollen and lacerated. The language of the mother is that the child's condition was awful. That the child was crying and trembling, and, after much persuasion, she finally told her mother that while

15 P—14

she was asleep on the bed the defendant came and got on top of her, and hurt her.

It appears that when Mrs. Eigiman returned that evening neither the defendant nor his wife were on the premises, and the defendant did not return until about eleven o'clock on the following day. Mrs. Eigiman then confronted him with the child, and accused him of the crime. Defendant denied it, whereupon the child said: "Yes, you did, Harvey. You know you did." The mother thereupon caught hold of the defendant, but he shook her off, and left the premises.

The proof further shows that Mrs. Eigiman then carried the little girl to Memphis, where she was examined, the day after the injury, by a physician. The physician testified that he found the child highly excited, nervous, and trembling; that the person of the child was swollen, lacerated, and very tender to the touch; that the parts showed acute inflammation and swelling; that he found a purulent discharge and a slight rupture of the hymen; that penetration had been partial but not complete; that the acute inflammation, purulent discharge, and swelling indicated that the injury was recent. During the course of the examination the physician asked the child who hurt her, and she replied that "Harvey hurt her." The mother was not present when the child made this statement.

The child, Elenora, was also examined as a witness. At the date of her testimony she was eight

years of age, being only seven at the date of the injury. Her testimony was that, after her mother went to town, Harvey DeBerry came into her room; that she was sick and lying down at the time; that defendant got on her and hurt her; that she cried and tried to push him off; that she told her mother about it. The reason she did not tell her mother at first was that Harvey told her he would kill her if she did, and she was afraid. The witness pointed out Harvey in the Courtroom, and said, "He is the one that hurt me."

The record shows that, after the crime was committed, the defendant fled to Arkansas, and assumed the name of Frank Berry. He was arrested there and brought back to Shelby County.

Two witnesses were introduced by defendant, but their testimony is wholly immaterial, and throws no light on the issue. One Houston testified that, on the day preceding the day the crime is alleged to have been committed, he and the defendant were employed on the Reiley plantation pulling and hauling corn; that they carried the corn and deposited it in the granaries on the premises occupied by the Eigimans; that witness was sick the next day, and did not go to work; that he never saw defendant afterwards until he saw him in Court; that he saw him frequently before that time.

The other witness, Hannah Hudson, testified that she washed for Mrs. Eigiman a month; that she washed the children's clothes, and saw no stains on

any of their garments.   On cross-examination, witness said she washed for Mrs. Eigiman in the month of September, and did not wash for her at all in October.

Defendant's counsel did attempt to throw suspicion upon one Dave Allen, colored, as the perpetrator of the crime.   The little girl stated, on cross-examination, that Dave Allen had pulled up her clothes, but did not hurt her. . There was no evidence in the record incriminating Dave Allen as the author of this injury.   The only evidence relating to him is found in the statement of the little girl that he had pulled up her clothes, but did not hurt her.   This occurred on another occasion, and had no connection with present injury.   We have no doubt of the guilt of the defendant upon the record.

The second assignment of error is that the Court erred in overruling the motion to quash the indictment.   The specific grounds assigned were, viz.: First, the indictment is ambiguous, repugnant, and duplex, in this, that it charges the defendant in the same count with an assault and battery with intent to have. carnal knowledge of a female under ten years, and with intent to commit rape, and the actual commission of rape.

We do not agree with counsel in his interpretation of the first count in this indictment.   In our view it distinctly charges the defendant with the crime of ravishing a female under the age of ten years.   In charging rape the indictment alleges that

DeBerry *v.* State.

an assault and battery was made upon this female under ten years of age with intent to have carnal knowledge of her, and with the intent to commit rape, and that forcibly and against her will—unlawfully, feloniously, and violently — the defendant did ravish and carnally know her. There is no repugnancy or duplicity or ambiguity in this count, and the motion to quash was properly overruled.

It appears that, pending the motion to quash, the indictment was recommitted to the grand jury, and two additional counts were preferred. The first of these new counts charged defendant with the crime of ravishing a female, but not a female under ten years of age, as charged in the first count. The second of the new counts charged defendant with an assault and battery with attempt to ravish a female under ten years of age.

The defendant was acquitted on first and second counts, which charged rape, and was found guilty on the third count, of an assault and battery with attempt to ravish a female under the age of ten years, and his punishment was fixed at death by hanging. The defendant having been acquitted on the first and second counts, any alleged error on the part of the Court in dealing with said counts are, of course, immaterial.

It appears from the record that during the progress of the trial, and after the evidence had been partially heard, one of the jurors became too ill to discharge his duties, and thereupon he was with-

drawn from the panel and discharged by the Court. A new juror was then impaneled, and the trial commenced *de novo*. The defendant interposed a plea of once in jeopardy, which, on motion of the Attorney-general, was stricken from the files, and this action of the Court is assigned as error. The action of the Court is expressly authorized by § 5840 of Shannon's Code, which provides, viz.: "Should a juror, either in a civil or criminal action, during the progress of the trial, become so unwell that, in the opinion of the Court, he is unable to serve, he may be discharged, and a new juror summoned instanter, impaneled, and the trial recommenced."

It has been held by this Court that this statute enables the Court to supply the place of a sick juror, and proceed with the trial *de novo* and instanter, or to discharge the entire jury and continue the cause. 5 Hum., 601; 7 Bax., 484. Again, it has been held that the discharge of a juror does not break up the entire panel. The other jurors remain a part of the jury, and are not subject again to challenge, nor are they to be resworn. 5 Yer., 160; 10 Yer., 537; 5 Hum., 601. Again, it was held that if, after the jury in a criminal case is selected, one of the number is discharged, the prisoner is not entitled to a full panel of jurors out of which to fill the vacancy. He is only entitled to the number allowed if the juror had not been selected. 3 Head, 143.

The action of the Court in this matter was in

strict conformity with the provisions of the Code and the adjudications of this Court, and affords no ground for the plea of once in jeopardy. After the new juror was substituted, the cause was recommenced, and proceeded to final verdict and judgment already announced.

The next assignment of error is that the Court erred in overruling the motion for a new trial and in arrest of judgment, for the reason that the record shows that the prosecutor marked on the indictment was, at the time of the finding of the indictment, an imbecile, and incapable of doing any business, and confined at St. Joseph's Hospital. This matter was not presented in the lower Court, either by plea in abatement or by any evidence of the fact on the trial. The only reference to Mr. Eigiman is made by his wife, who states that her husband had sustained a fracture of the skull, but there is no proof that he was an imbecile or that his mind was affected in anywise by the injury.

The next exception is that no witnesses were marked on the amended indictment, or were sworn to testify before the grand jury, nor does the record show upon what day of the month or year the amended indictments were found. It suffices to say that no motion to quash for these defects was made in the lower Court, nor was the matter in any other way brought to the attention of the Court. Such objections are unsubstantial, and are cured by verdict.

The next class of assignments is based upon al-
leged errors in the charge of the Court. The first
is that the Court erred in charging the jury, viz.:
"The second charge contained in the indictment, and
which you are to consider, is an assault and battery
with intent to unlawfully and carnally know a fe-
male under the age of ten years."

The objection is that this crime is charged in the
first count of the indictment, and not in the second
count. Counsel is in error in stating that the crime
is charged in the first count. It is charged in the
third count. Moreover, the Court did not say the
crime is charged in the second count of the indict-
ment. The Court simply spoke of it as the second
charge in the indictment, but, towards the close of
his charge, he explains to the jury that this crime
is charged in the third count of the indictment, and
this is true. It was upon this third count that de-
fendant was convicted, which is the crime he was
guilty of, upon the facts disclosed in the record.

The verdict of the jury indicates a most intelli-
gent comprehension on their part of the charge of
the court, and a proper discrimination in applying
the law to the facts of the case. The statute is
that "any person who shall commit an assault and
battery upon a female under ten years of age, with
intent, unlawfully and carnally, to know her, shall,
on conviction, be punished as in case of rape." The
punishment fixed by statute for rape is death by
hanging, but the jury before whom the offender is

DeBerry *v.* State.

tried and convicted, may, if they think proper, commute the punishment to imprisonment in the penitentiary for life, or for a period of not less than ten years. The jury in this case did not see proper to commute the punishment, but fixed the penalty at death by hanging. This sentence is just, and meets with our approval, upon the facts disclosed in the record.

There is no error in the record, and we affirm the judgment.

It is, therefore, ordered by the Court that for the offense aforesaid the defendant be remanded to the jail of Shelby County, and there be safely confined until Tuesday, July 20, 1897, when, on said day, between the hours of ten o'clock A.M. and four o'clock P.M., and in the manner prescribed by law, he shall be hanged by the neck until he is dead.