A J. HOLDER *v*. THE STATE.

(*Nashville.*  December Term, 1920.)

1. INDICTMENT AND INFORMATION. Indictment may not be re-committed to grand jury for amendment at later term.

An indictment may not be recommitted to the grand jury for amend-ment at a term subsequent to that at which was found.

Cases cited and approved: Hite v. State, 17 Tenn., 203; McKinley v. State, 27 Tenn., 73; State v. Hughes, 31 Tenn., 261; State v. Davidson, 42 Tenn., 184; State v. Willis, 40 Tenn., 157; Lawless v. State 72 Tenn., 178; DeBerry v. State, 99 Tenn., 207; State v. Davidson, 42 Tenn., 184.

Case cited and distinguished: State v. Costen, 141 Tenn., 539.

2. INDICTMENT AND INFORMATION. When too late to recommit defective indictment, a new one may be found and the first quashed.

An indictment being defective, and it being too late to recommit it to the grand jury for amendment, another indictment may be found, and the first quashed; this not resulting in a discharge of defendant, in violation of Acts 1919, chapter 9, prohibiting it un-less he is required to pay the costs, except where he is acquitted.

Acts cited and construed: Acts 1919, ch. 9.

Case cited and distinguished: Zachary v. State, 66 Tenn., 3.

FROM WARREN.

Error to the Circuit Court of Warren County.—HON. R. W. SMARTT, Judge.

I. W. SMITH and FAIRBANKS & WILLIS, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error, A. Z. Holder, was indicted at the September, 1919, term of the circuit court for compounding a felony.

At the January, 1920, term the case was continued by consent. At the May, 1920, term the indictment was quashed upon motion of the attorney-general, and at the same term a new indictment was returned against the defendant for the same offense.

The plaintiff in error resisted the motion of the State to quash the first indictment, and from the action of the court in so doing the plaintiff in error appealed to this court, and assigns the action of the court in quashing said indictment as error.

The theory of the plaintiff in error is that the quashing of the indictment was equivalent to entering a *nolle prosequi,* and that under the holding of this court in *State* v. *Costen,* 141 Tenn., 539, 213 S. W., 910, the court should have recommitted the indictment to the grand jury for amendment, and that it was error to enter an order quashing the indictment.

In *State* v. *Costen, supra,* this court said:

"The attorney-general stated in open court that the indictment incorrectly stated the facts relating to the ownership of the property, and for that reason he desired to en-

ter a *nolle prosequi*.  He should have recommitted his in-
dictment, and had it amended so as to correctly conform
to the facts.  *Hite v. State,* 9 Yerg., 203; *McKinley* v.
*State,* 8 Humph., 73; *State* v. *Hughes,* 1 Swan., 261; *State*
v. *Davidson,* 2  Cold., 184; *State* v. *Willis,* 3 Head, 157;
*Lawless* v. *State,* 4 Lea, 178; *De Berry* v. *State,* 99 Tenn.,
207, 42 S. W., 31.  A *nolle prosequi* is not the proper prac-
tice in such instances, and the practice of recommitting
indictments for amendments has been followed in this
State for many years."

Upon an examination of the cases just named it will be
found, with one exception, that the recommitment for
amendment was at the same term at which the indictment
was found.  The exception is *State* v. *Davidson,* 2 Cold.,
184, where the indictment was recommitted for correction
or amendment at a subsequent term to that at which it was
found, and in passing upon this procedure the court said:

"But we are not aware of any authority for withdrawing
an indictment at a term of the court subsequent to the
term at which it has been found, and recommitting it to a
different grand jury for amendment, by the addition of
new counts, or otherwise; and believe none such can be
found."

In 22 Cyc. 432 the author says:

"Where an indictment as returned by the grand jury is
defective, it is generally competent for them, at the same
term of court at which it was returned, to come into court
and amend the same, at least in matters of form, or, it

seems even of substance; or at common law the court may amend in matters of form with the consent of the grand jury, or in some States the indictment may be recommitted to the grand jury for amendment and return, either in matters of substance or of form, if it is recommitted at the same term and to the same grand jury, but not otherwise."

The rule thus announced is an exception to the general rules stated in *State* v. *Costen, supra.* Hence in the instant case the indictment could not have been recommitted to the grand jury for amendment.

In *Zachary* v. *State,* 7 Baxt., 3, the defendant at the trial moved to quash on the ground that the indictment was improperly sent to the grand jury, when there was then pending in the same court another indictment for the same offense. The court said:

"A defendant is not allowed in criminal, as in civil actions, to plead in abatement that another action is pending for the same offense. 1 Arch., 358; 2 Hawks, chapter 34, section 1. But it appears that 'a *nolle prosequi* had been entered as to said first indictment.' There was, therefore, no error in overruling the motion to quash the second indictment."

In 22 Cyc. 414, it is said: "Under the English practice it was held that in some cases an indictment might be quashed on motion of the prosecution as well as of accused, as where it was fatally defective, or where two indictments were pending for the same offense. So where an indictment was clearly bad the court might on its own motion refuse to try it."

The rule announced in *Zachary* v. *State, supra,* seems to be in line with the English decisions, and we have been cited to no authorities taking a contrary view.

If the plaintiff in error is correct in his position, then it would be imposible to correct a defect in an indictment discovered at a subsequent term to that at which it was found, and a guilty party, who had never been placed in jeopardy, would be entitled to a discharge.

In a criminal action, if a defendant is not allowed to plead in abatement that another action is pending for the same offense, then in the case under consideration the State could have gone to trial on the second indictment without having first disposed of the first. If both indictments charge the same offense, the defendant, of course, could not be tried on the first indictment after a trial had been had on the second, for that would be to put him twice in jeopardy. We are unable to see how the defendant would be prejudiced where he is tried only one time on a valid indictment for a particular offense.

The manifest purpose of chapter 9 of the Acts of 1919 is to prohibit the trial court from discharging a defendant, under indictment, unless said defendant pays the costs. In the instant case the defendant was not so discharged, but was held until another indictment was returned. In fact, the trial judge did not quash the first indictment until the second indictment had been returned, and he required the defendant to enter into a recognizance in the sum of $500 for his appearance.

Under the foregoing facts, we are of the opinion that the trial judge did not violate the act in question in quashing the first indictment. To hold otherwise, as previously stated, would be to deny the right of the State to have a defective indictment corrected when such defect was discovered at a term subsequent to that at which the indictment was found.

We are of the opinion, therefore, that the judgment of the circuit court should be affirmed, and it is so ordered.