WILLIAM DUNCAN *v.* THE STATE.

(*Nashville.*  December Term, 1920.)

CRIMINAL LAW. Quashing unintelligible indictment permissible: "Criminal case."

Acts 1919, chapter 9, forbidding a trial judge to pronounce a judgment in a "criminal case" by which a defendant, except when acquitted, is discharged without payment of costs, does not prevent the quashing of an indictment which is unintelligible and charges nothing; there being no criminal case unless a crime is charged.

Acts cited and construed: Acts 1919, ch. 9.

Case cited and approved: State v. Costen, 141 Tenn., 539.

FROM WARREN.

Error to the Circuit Court of Warren County.—HON. R. W. SMARTT, Judge.

L. R. TURNER and J. F. JOHNSON, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was arraigned upon an indictment which was doubtless intended to charge him with destroying corner marks of the land of one Lester Doak in Warren county. As a matter of fact the indictment was unintelligible and charged nothing. It was quashed by the trial judge.

The plaintiff in error excepted to the action of the trial judge in quashing the indictment, and was permitted to appeal from such action to this court.

He insists that he should have been allowed to have a trial upon the indictment returned, and that the court below erred, in view of the provisions of chapter 9 of the Acts of 1919. This act forbade the entry of any order in the trial courts whereby a defendant should be discharged without being required to pay or secure the costs of the case.

The said act of 1919 was construed by the court in *State* v. *Costen,* 141 Tenn., 539, 213 S. W., 910. Chief Justice LANSDEN in that case showed that the statute was designed to prevent the entry of *nolle prosequis* and consent forms of not guilty in the criminal courts.

It would be absurd to hold that the act required a trial upon an indictment which charged a defendant with nothing or with nothing denounced by the criminal laws of the State. The language of the act excludes any such idea, for the language is that it shall be unlawful to enter such orders "in any criminal case." A case in which a defendant is not charged with the commission of anything, or with anything forbidden by law, is not a criminal case. Such a case, in a criminal court, is only a moot case. It is no case at all. There can be no criminal case unless a crime is charged.

There was no error in the action of the trial judge, and the judgment below is affirmed.