# KINCAID v. BRADSHAW.

1. APPEAL. *Bill of exceptions. What should contain. Affidavits, when disregarded.* Unless the bill of exceptions embodies the evidence on which the lower court acted, the correctness of its judgment will be presumed. Affidavits copied into the record not shown to have constituted the evidence controlling its action, will be disregarded.

2. REPLEVIN. *Pauper's oath.* Replevin can not be prosecuted *forma pauperis.* Case cited: Horton v. Vowell, 4 Heis., 622.

FROM ————————

From the Circuit Court at —————.

No record can be found.

NICHOLSON, C. J., delivered the opinion of the court.

This is an action of replevin commenced before a justice of the peace and carried to the Circuit Court by appeal, no bond having been given, but the pauper's oath being substituted, both upon the institution of the suit and upon the appeal.

During the pendency of the case the defendant moved to dispauper the plaintiff and dismiss the suit because its prosecution was frivolous. The court dismissed the case, being satisfied by the testimony of disinterested witnesses that its prosecution was frivolous. From this judgment the plaintiff has appealed to this court upon the pauper's oath.

When the cause was dismissed by the Curcuit Judge,.

Kincaid *v.* Bradshaw.

the appellant took no bill of exceptions. We are not furnished with the evidence on which the court acted. It was incumbent on the appellant to furnish this court with the means of determining whether the court below erred or not, and the proper mode of doing this was by bill of exceptions. This not being done we are bound to presume that there was sufficient evidence to sustain the action of the court. We cannot notice the affidavits copied into the record, with nothing to show that they constituted the evidence on which the court acted.

But it was decided by this court in *Horton* v. *Vowell,* 4 Heis., 622, that the action of replevin cannot be prosecuted under the pauper's oath, nor can an appeal to this court be prosecuted by the plaintiff except upon the bond required by law.

The judgment of the court below dismissing the suit was not erroneous, and is affirmed.