DENTON *v.* WOODS.

(*Knoxville.*     October 5th, 1887.)

1. SUPREME COURT PRACTICE. *Assignment of errors.   Rule 29.*

Courts have inherent power to make and enforce reasonable rules of practice.   Rule 29 of this Court, requiring assignments of error, is reasonable, and its enforcement required by the interests of the public and of litigants.   It proceeds upon no new principle, but merely assumes *prima facie* correctness for the proceedings of the inferior courts, and imposes on parties assailing them the duty of specifically pointing out the errors of which they complain.

Cited : Rule 29, 85 Tenn., 757.

2. SAME. *Same.   Must be specific.*

Assignments of error under Rule 29 must be as definite and specific as exceptions to Referees' reports under Act of 1883, and must, therefore be something more than mere "invitations to the Court and adverse counsel to examine the entire record upon general and indefinite negations of the correctness of the decree" or judgment of the inferior court.

(See Loveman *v.* Taylor, 85 Tenn., 3.)

FROM   COCKE.

Writ   of   error   to   Chancery   Court   of   Cocke County.   H. C. SMITH, Ch.

Bill   to   set   aside,   for   fraud,   a   chancery   sale   of the   lands   of   F. M. Rutherford,   and   to   recover   the lands   and   rents.   Complainants   are   Rutherford's heirs.   Respondents   are   heirs   of   Gibson   Woods, the   purchaser   at   that   sale.

The lands were sold under bills brought by general creditors of F. M. Rutherford to foreclose a mature trust deed on the land, and obtain the surplus. Gibson Woods was beneficiary, in that trust deed, and a party defendant to said bills. Rutherford was in prison on a criminal charge when the proceedings were had. Gibson Woods took assignments of the other creditors' claims, and had entire control of the proceedings under which the sale was made. They were conducted very irregularly. A sale of the lands was decreed, and Gibson Woods purchased at a grossly inadequate price.

The Chancellor declared the sale fraudulent, and gave complainants decree for the lands and rents, the latter to be abated by Woods' *bona fide* claims. The matters of account were settled at a former term upon an appeal by Woods' administrator. Afterward this writ of error was brought by Woods' heirs to reverse the decision as to the lands. The record was large, and contained much matter not pertinent to the issue. There were references to pages of the record accompanying the assignments set out in the opinion.

PICKLE & TURNER for Denton.

H. H. INGERSOLL and W. J. McSWEEN for Woods.

TURNEY, C. J. The assignments of error are: "*First*—Because the persons charged with fraud

Denton *v.* Woods.

in procuring the decree are not parties to this suit to set them aside for fraud."

"*Second*—Because there is no proof of fraud against appellant's ancestor, Gibson Woods, whose title to the land was good under the decree and sale of the Chancery Court, and whose debt is declared valid in the decree appealed from."

"*Third*—There is no proof of fraud against the persons who obtained the former decrees herein attacked; the mere fact that the complainant's ancestor was a felon is not sufficient proof of fraud against him in the regular proceedings of a Chancery cause, nor is mere irregularity of proceeding ground for vacating a decree as fraudulent."

It cannot be claimed that there is in either, specific assignment of error to the rulings of the Chancellor as to law or fact, nor does either point out definitely the errors complained of, citing in the most concise manner the specific testimony relied upon, as required by Rule 29, 1 Pickle, 757.

The most that can be said of the assignments is, that they are invitations to the court and adverse counsel to examine the entire record upon general and indefinite negations of the correctness of the decree. The rule is a reasonable one, arising from the inherent power of the court. Public interest, as well as the interest of litigants, require its enforcement, especially while we have, as now, a crowded docket. It is based upon the Act of 1883, and the rules of practice under it, hence easily understood.

The presumption is in favor of the correctness of the rulings and decisions of lower courts, and under the established practice in this court, unless error is affirmatively shown, an affirmance will be had.

It is also presumed that every appellant is able, through his solicitor or attorney, to point out the errors upon which he relies for reversal, and not impose upon adversary counsel the labor of toiling through a large transcript like this one, speculating upon the probable grounds of attack; nor to impose upon the Court the work of reading the entire record, and passing upon the case *de novo* in all its bearings. Some weight must be attached to the holdings of inferior courts; and counsel must be able to point out, as required, their errors, and will not be permitted to dump in, for the consideration of the Court, immense transcripts, filled with pertinent and impertinent matter, and demand their investigation upon general negatives of the correctness of decrees or judgments.

The rule contains no new law of practice. It only declares what has always been true, that the burden is on the appellant in this court to make out his case, and failing to do it, the Court will not do so for him. Until he tenders an issue, his adversary may stand securely upon the judgment or decree obtained below.

The rule is one of pleading—simple in its office to the lawyer who understands his case, and carefully undertakes to present its merits.

If there were merits in this case, the ability and fidelity of the solicitors would have developed them.

For want of sufficient assignments the decree is affirmed.