## STATE v. NASH.

1. PLEADINGS—INDICTMENTS—AMENDMENTS—MAGISTRATE'S COURT. The information part of an indictment in a magistrate's court may be amended at the trial.
2. JURY—MAGISTRATE'S COURT—CRIMINAL LAW.—A prosecutor may demand a jury in a magistrate's court.
3. CRIMINAL LAW—TRESPASS—JURISDICTION—MAGISTRATE COURT— TITLE.—*Mere* claim of title by a defendant in a prosecution for malicious trespass will not oust a magistrate of jurisdiction of the case.
4. MAGISTRATE—JURY—PRACTICE.—A magistrate may enter a room in which the jury is deliberating, in the absence of counsel and parties, at their request, to instruct them on a law point, if nothing more is said or done.

Before WATTS, J., Greenville, July, 1897.    Affirmed.

Indictment against John H. Nash in magistrate court for malicious trespasss.   Defendant convicted.   Appeals to Circuit Court.   Appeal dismissed.   He appeals again.

*Messrs. C. J. Hunt* and *C. F. Dill,* for appellant, cite: *Magistrate no jurisdiction when title involved:* Con. 1895, sec. 20, art. 5; Code, 36.   *Defendant only entitled to demand jury:* Crim. Stat., 20; Rev. Stat., 885; Con. 1895, art. 5, sec. 22.   *Affidavit should not have been amended:* Con. 1895, art. 1, sec. 16; Crim. Stat., 19; 9 S. C., 309.

*Solicitor M. F. Ansel,* contra: Oral argument.

Feb. 17, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was convicted of the misdemeanor of malicious trespass before W. H. Britt, Esq., a magistrate for Fairview Township, in Greenville County, in this State, on the 10th day of June, A. D. 1897, and after being sentenced to pay a fine of $50, or in lieu thereof to be imprisoned in the county jail for twenty days, he appealed from such judgment. His appeal came on to be heard before Judge Watts in the Circuit Court for Greenville County on the 29th July, 1897, and after reducing the fine from $50 to $20, the said Circuit Judge affirmed the judgment of the magistrate.

The defendant, as appellant, now seeks by his appeal to reverse such judgment of the Circuit Judge. The first allegation of error is that the Circuit Judge refused to set aside all the proceedings before the magistrate, when it was made to appear that there was an alteration in the information upon which the warrant was issued after the defendant had been arrested, and when he appeared for trial. The "Case" shows that the warrant of the magistrate under which the defendant was arrested was for malicious trespass. The information upon which it was based, charged the defendant with malicious trespass upon the land of Mary E. Nash, after having been given notice not to do so. Just before trial the words "wilfully, unlawfully," were inserted in the information part just before the words "maliciously trespass," &c., and also the additional words, "which land was in the possession of deponent at the time of said trespass, and by said trespass said John H. Nash has driven up stakes on said land, and enclosed about two acres thereof by putting a wire fence around the same, whereby he has injured deponent in the sum of $19, State and county mentioned, Fairview Township," were inserted just after the words, "notice not to do so." The appellant suggests that these words change the offense. After reflection, I am unable to state that the Circuit Judge committed any error here. It is true that the Constitution of this State

does require that the accused shall be fully informed of the nature and cause of the accusation; but the accused, in the case at bar, was fully informed that he was charged with a malicious trespass upon the lands of Mary E. Nash after notice forbidding such trespass. The law in regard to information under oath, as the basis for a warrant of arrest, allows amendment before trial of such information. See section 19 of "The Criminal Statutes of South Carolina," vol. 2, of the Revised Statutes of 1893. The words "wilfully, unlawfully," inserted before the word "maliciously," already there, were inserted, no doubt, to incorporate the exact words of section 166 of "The Criminal Statutes of South Carolina," in the information; but this was unnecessary care, for the legislature itself, in the act of 1892 (21 vol. of Stat. at Large, pp. 93 and 94), both in the title and body of such act, had referred to this offense as "malicious trespass." This remark disposes of the other words added. Nor is there any virtue in the position that such amendments to the information were not sworn to anew. The prosecutrix was present when these words were added to the information to which she had already sworn, and I will assume that the same changes were made at her instance, or with her full assent. The "Case" shows that she, in her testimony, stated these facts.

The next question relates to the empanelling a jury at the demand of the prosecutrix, and against the protest of the defendant. Section 884 of the Civil Statutes of South Carolina, vol. 1, of the Revised Statutes of this State, 1893, provides that either party to a trial before a magistrate shall be entitled to a jury. The only question under this section is, is a prosecutor a "party to a suit?" If the State, who is a party, should demand a jury, it would necessarily make known such demand by some one who represents the State. If the attorney general or solicitor had been present, a demand by either one of them for a trial by jury would have been recognized as a demand therefor by the State. Why may not the prosecutrix represent

the State, in making demand for a jury trial? This, no doubt, was the view entertained by the Circuit Judge, and I cannot find any error in such view.

The error next in order may be thus stated: Whenever, in the trial of such a misdemeanor as malicious trespass, the defendant claims title in himself, or some one else than the prosecutor or prosecutrix, to the land whereon the malicious trespass has been committed, it is the duty of the magistrate before whom such trial of malicious trespass is being had to refuse to proceed with the trial for want of jurisdiction. I cannot so view the law. If such could be true, then any and every defendant could inject some claim of title into any prosecution for malicious trespass, and thereby clog the wheels of justice. If the prosecutor or prosecutrix cannot establish title, or a right to title and possession, or to a right of possession of the land apart from any title therein, then the prosecution must fall to the ground—not because a question of title was deemed sufficient to oust the magistrate's court of jurisdiction to hear a case of malicious trespass, but because a basal fact had failed to be proved. However, the magistrate, in his report of the case, says no such question was presented to him upon which to charge the jury.

The last question presented by the appeal is this, that the magistrate, after the jury had retired to make up their verdict, and in the absence of counsel, had some communication with the jury, and, therefore, the verdict should be set aside. There can be no question that after a jury has retired to make up its verdict, the presiding Judge has no right to interfere with the jury by act, word, look or gesture, unless in the presence of counsel or parties, and then only to have read to them the testimony, to restate the law, to ask if they have agreed upon their verdict, and touching similar matters. But how far should these stringent regulations be made to apply to courts presided over by magistrates, when there is no court house— when, in fact, the place of trial is where the jury is left to

make up its verdict, the magistrate and all other persons retiring from the place of trial, so that the verdict may be reached by the jury? The trial may be had in a school house of but one room, and after the cause is confided to the jury, all persons leave the court room but the jury. Now, in such a case, suppose the jury wished an instruction from the magistrate upon a point of law—why, in order to give the jury such an instruction, the magistrate would of necessity have to enter the room where the jury was seated. Mr. Britt, the magistrate, reports in regard to this charge, "I entered the door of the jury room because the jury called me to inquire of me whether or not they could find damages against the defendant as well as find him guilty. I instructed them that they could not find damages against him, and retired. I had no further conversation with them." There is no charge or any evidence that anything else occurred in this connection. If anything beyond this occurred between the magistrate and the jury, the "Case" does not disclose it. While I hold that no communication should pass between the magistrate and the jury except in the presence of counsel and the parties, and in public, yet, as the appellant fails to show anything beyond a mere request from the jury for information, I am unwilling to grant a new trial for this cause.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.