State v. Costen.

The State *v*. C. C. Costen.
Same *v*. Raymond Bryant.

(*Jackson*. April Term, 1919.)

1. **CONSTITUTIONAL LAW. Judicial power. Legislative invasion.**
   A joint resolution of legislature, directing the discharge of a de-
   fendant indicted for a crime, is an invasion of the judicial
   power by the legislature. (*Post, pp.* 544, 545.)

Case cited and approved:  State v. Fleming, 26 Tenn., 152.

2. **JUDGES. Duty of judge. Impartiality.**
   In a criminal prosecution, the judge does not represent the
   State in the prosecution of the criminal, but should judge fairly
   and impartially of the complaint of the State against the de-
   fendant and of the defense or defenses made thereto. (*Post,
   pp.*545, 546.)

3. **CRIMINAL LAW. ''Nolle prosequi.''**
   A *"nolle prosequi,"* is a formal entry of record by the attorney
   general, by which he declares that he will no longer prosecute
   the case. (*Post, pp.* 545, 546.)

4. **CONSTITUTIONAL LAW. Policy of statute.**
   The court is not concerned with the policy of a statute. (*Post,
   pp.* 545, 546.)

5. **CRIMINAL LAW. Indictment and information. Amendment.
   Nolle prosequi.**
   Where indictment charging embezzlement incorrectly stated facts
   relating to the ownership of the property, the attorney-general
   should have recommitted the indictment and had it amended,
   and should not have filed a *nolle prosequi*. (*Post, p.* 546.)

Cases cited and approved:  Hite v. State, 17 Tenn., 203;  Mc-
   Kinley v. State, 27 Tenn., 73;  State v. Hughes, 31 Tenn., 261;
   State v. Davidson, 42 Tenn., 184;  State v. Willis, 40 Tenn.,
   157;  Lawless v. State, 72 Tenn., 178;  De Berry v. State, 99
   Tenn., 207.

State v. Costen.

6. CONSTITUTIONAL LAW. Nolle prosequi. Exercise of pardoning power.

The action of the attorney-general in recommending a *nolle prosequi* upon ground that defendant had served in the army since the filing of the presentment, and had been honorably discharged, and the action of the court in granting the *nolle prosequi* was an attempt to exercise pardoning power, vested in the Governor under Constitution, article 3, section 6. (*Post, pp.* 546, 547.)

Constitution cited and construed: Const. Art. 3, sec. 6.

7. CONSTITUTIONAL LAW. Legislative acts. Encroachment. Nolle prosequi.

Senate Bill No. 141, prohibiting the discharge of indicted defendant, except by acquittal without requiring him to pay, secure, or work out in the workhouse all the costs, fees, and penalties, is not unconstitutional by interfering in sections 1 and 4 with judicial discretion and functions of the court in violation of Constitution, article 6, section 1, or in controlling the ministerial acts of the attorney-general and the judges; the judge having no participation in filing of *nolle prosequi* except to give his consent to such order and permit its entry upon the record, and the attorney-general having no constitutional right to file *nolle prosequi*. (*Post, p.* 547.)

---

FROM CARROLL.

---

Appeal from the Circuit Court of Carroll County. —Hon. Thos. E. Harwood, Judge.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

None of record for defendant.

Mr. Chief Justice Lansden delivered the opinion of the Court.

These cases involve the validity of Senate Bill No. 141, prohibiting "judges from pronouncing, and district attorneys-general from consenting to, any judgment in any criminal case by which the defendant, except when acquitted, is or can be discharged without being required to pay, secure or work out in the workhouse all of the costs, fees and penalties."

In the case of Costen there was an indictment for embezzlement, and the attorney-general stated to the court when the case was called for trial that he desired to enter a *nolle prosequi,* because the forms of the indictment were incorrect in regard to the ownership of the property which the indictment charged that Costen had embezzled; and stated that another indictment, containing a corrected description of the property, would be returned by the grand jury. He also stated that the additional indictment had been prepared and was before the grand jury for consideration, and that it contained two or more counts, averring intent to defraud the true owners. That under the proof as developed before the grand jury, the state will be able to show the defendant guilty of embezzlement, and to go to trial on the present indictment might, and probably would, seriously affect the success of the State. He stated his opinion to be that this was really a proper case for a *nolle prosequi.* The defendant objected to this procedure, and insisted upon a trial or an agreed verdict of not guilty, and invoked the authority of the statute under consideration. In reply the attorney-

general insisted that the first and fourth sections of this act are unconstitutional, and violate article 6, section 1, of the Constitution of Tennessee; that they undertake to interfere with, and control, the judicial discretion and functions of the courts. He also insisted that the second section of the act undertakes to control the ministerial acts of the attorneys general and the judges, and to direct their course in each and every case without regard to the proof and facts, and deprive them of the ministerial and judicial powers rightfully and justly due them in co-operating and concurring with one another in their judicial and ministerial functions, and such co-operation, because of their detailed knowledge of the facts and circumstances in each case, is absolutely essential to the proper administration of justice. And also that the act requires at the hands of the attorney-general, except in cases of acquittals, that the defendant be required to pay the cost accrued or work out the same.

The court held that the act was void in so far as it undertakes to abridge or interfere with the judicial power and discretion of the court, and "accordingly enters a *nolle prosequi* herein." The defendant was thereupon discharged, and the State was taxed with the cost of the case in its behalf.

In the case of Bryant the record recites "that it appeared in open court that the defendant had been in service of the United States army, and after six months service since the finding of the presentment of this case had been honorably discharged from the army." The attorney-general stated that he would recommend to the court to let this case be *nolled* if he

had the power to do so, and thereupon the court directed that a *nolle prosequi* be entered.

The act is as follows:

"An act prohibiting judges from pronouncing, and district attorneys-general from consenting to, any criminal case by which the defendant, except when acquitted, is or can be discharged without being required to pay, secure or work out in the workhouse all of the costs, fees and penalties accruing therein, and providing penalties for the violation of this act.

"Section 1. Be it enacted by the general-assembly of the State of Tennessee, that it shall be unlawful for any judge in this State in any criminal case to pronounce or allow to be entered any judgment by which any defendant is or may be discharged, except when acquitted, unless said defendant is required to pay, or secure, or work out in the workhouse all costs, penalties and other fees for expenses chargeable by law to the defendant.

"Sec. 2. Be it further enacted, that it shall be unlawful for any district attorney-general of this State to consent to any judgment by which any defendant is or may be discharged except when he is acquitted, unless and until said defendant is required to pay or secure or work out in the workhouse all costs, penalties and other fees for expenses chargeable to the defendant by law.

"Sec. 3. Be it further enacted, that if any judge pronounces any judgment in violation of the provisions of this act, it shall be the duty of the district attorney-general to appeal therefrom to the supreme court.

"Sec. 4. Be it further enacted, that any judge or district attorney-general violating any of the provisions of this act shall be guilty of a misdemeanor in office, subjecting him to removal therefrom and the comptroller of the treasury is authorized and directed to deduct from his salary any sum or sums that may be lost by reason of this failure therein.

"Sec. 5. Be it further enacted, that all laws and parts of laws, in conflict with this act be and are hereby repealed, and that this act take effect from and after its passage, the public welfare requiring it."

It has been held in this State that the legislature cannot direct the discharge of a defendant by joint resolution who stands indicted of crime in a court of justice. This is an invasion of the judicial power by the legislature. *State* v. *Fleming*, 7 Humph., 152, 46 Am. Dec., 73.

These cases present the reverse question of the *Fleming Case*. They involve the power of the legislature to forbid a discontinuance of any criminal case without the payment of the costs, fees, and penalties accruing in the case. The statute forbids the attorney-general from consenting to such dismissal, and the judge from entering, from pronouncing or allowing to be entered such judgment. The act is confined to criminal prosecutions.

The State under its police power has enacted the Criminal Code, and preserves law and order by the enforcement of this Code. The people by the adoption of the present Constitution created the Criminal Codes as a means of bringing offenders to justice, and of acquitting those who are wrongfully indicted or presented. The State, that is, the sovereignty of all the people,

is the prosecutor.    The district attorney is selected as the representative of the State in criminal prosecutions. He is not the prosecutor, and he cannot operate apart from the Constitution and the laws.    He has no judicial power, and his ministerial power must be responsive to the direction of the State, which is his client.

This cannot be said of the judge in such broad terms. However, the judge does not represent the State in the prosecution of criminals in any sense.    He has only to judge fairly and impartially of the complaint of the State against the defendant and of the defense, or defenses, made thereto.    A *nolle prosequi* is a formal entry of record by the attorney-general by which he declares that he will no longer prosecute the case.    12 Cyc., 374. He does this as the attorney-general for the State.    The judge has no participation in it, except to give his consent to such order, and permit its entry upon the record. We are not unmindful of the fact that this power has been exercised by the attorneys-general in this State for many years, but the right to so exercise it is not conferred by the Constitution.    The legislature, therefore, has the power to take it away, and when it does so it is not an interference, in a constitutional sense, either with the judicial power of the State, or the ministerial duties of the attorneys-general.    With the policy of the statute neither we nor the attorneys-general have any thing to do.    It is a plain mandate of the legislture to which we must all bow.

Manifestly the purpose of the statute is to make those accused of crime pay the expenses of the prosecution, or receive a verdict of not guilty at the hands

141 Tenn.—35

of the jury. It is quite recent history in this State that the abuse of the power, heretofore lodged in attorneys-general, to *nolle prosequi* a case, and to enter consent forms of not guilty, has been a source of serious disturbance. It caused in part the impeachment of one judge, and has inflicted serious criminal costs upon the State. By this statute the State merely says that before it can be adjudged to pay criminal costs the defendant must be first adjudged to be not guilty. It directs its attorney in the prosecution of such cases not to enter a *nolle prosequi.*

The case of Costen, as made in the record, does not present any obstacle to this conclusion. The attorney-general stated in open court that the indictment incorrectly stated the facts relating to the ownership of the property, and for that reason he desired to enter a *nolle prosequi.* He should have recommitted his indictment, and had it amended so as to correctly conform to the facts. *Hite* v. *State,* 9 Yerg., 203, *McKinley* v. *State,* 8 Humph., 73; *State* v. *Hughes,* 1 Swan., 261; *State* v. *Davidson.* 2 Cold., 184; *State* v. *Willis,* 3 Head., 157; *Lawless* v. *State,* 4 Lea, 178; *De Berry* v. *State,* 99 Tenn., 207, 42 S. W., 31. A *nolle prosequi* is not the proper practice in such instances, and the practice of recommitting indictments for amendments has been followed in this State for many years.

In the case of Bryant, the attorney-general merely stated that he would recommend a *nolle prosequi* if he had the power, and the judge thereupon directed that one be entered. The reason assigned for the discontinuance of the case was that Bryant had served in the army for six months since the finding of the present-

ment, and had been honorably discharged.   It will be observed that these facts do not relate to Bryant's guilt or innocence.   They have no bearing whatever upon the alleged fact that he was guilty of gaming.   The action of the attorney-general in recommending, and the judge in granting, the *nolle* seems to have been a plain case of an attempt upon their part to exercise the pardoning power.   This power does not belong to them, and never did, and has always belonged to the Governor under the Constitution.   Constitution, article 3, section 6.

Therefore we are of opinion that the act in controversy is valid and constitutional, and the cases are reversed and remanded for trial.