## D. CRAVENS v. WILL ROBBINS.

Middle Section.    October 13, 1928.

No petition for Certiorari was filed.

P. F. Wilbanks, of Sparta, for plaintiff in error.
D. W. Byrge, of Oakdale, for defendant in error.

FAW, P. J.  For the purposes of this opinion, the facts of this case sufficiently appear from the recitals in the judgment of the Circuit Court of Fentress county, from which judgment Will Robbins, the defendant below, has appealed in error to this court, and which judgment is as follows:

"This case came on to be heard on this April 18, 1928, before Hon. W. H. Buttram, Judge of the Circuit court for Fentress county, Tennessee, upon the record and all the testimony, offered in open court from all of which it appears to the court that Will Robbins, is justly indebted to the plaintiff, D. Cravens, in the sum of fifty-five dollars, that this indebtedness is evidenced by a judgment rendered by J. S. Ramsey, a Justice of the Peace for Overton county, Tennessee, and properly certified to M. H. Spurlin, a Justice of the Peace for Fentress county, Tennessee, on which he rendered judgment and issued an execution, to the Sheriff of Fentress county, Tennessee, on the 11th day of November, 1927, which went into the hands of an officer, who served a garnishee notice upon the Highland Coal & Lumber Company, and C. E. Jellicose, Agent for the Provident Life & Accident Insurance Company, that the said C. E. Jellicose, answered the said garnishment notice on oath in which he stated that he had in his possession a check issued to Will Robbins, in the sum of sixty-one dollars, signed by the Provident Life & Accident Insurance Company, made payable to the said Will Robbins.

"It is therefore ordered, adjudged and decreed, by the court that the plaintiff D. Cravens, have and recover of Provident Life & Accident Insurance Company, the sum of fifty-five dollars, the amount of the judgment and that the agent C. E.

Jellicose, be required to pay to the clerk of this court the full amount of said judgment, and that the clerk pay the same to the plaintiff D. Cravens, or his attorney of record, and that the balance of the sixty-one dollars, after satisfying the plaintiff's debt, will be applied upon the payment of the cost in the case for which an execution will issue.''

Defendant Robbins moved for a new trial, but his motion was overruled, and he thereupon prayed, obtained and perfected an appeal in the nature of a writ of error to this court.

''The presumption is in favor of the correctness of the rulings and decisions of the lower courts, and under the established practice in this court, unless error is affirmatively shown, an affirmance will be had.'' Denton v. Woods, 86 Tenn., 37, 40, 5 S. W., 489.

Reducing the assignments of error to their final analysis, in the light of the rule of practice as quoted from Denton v. Woods, supra, the only question open for decision on this record is, whether the sum due to the insured, as weekly indemnity for disability under a policy of Health Insurance, is exempt from execution for the debts of the insured.

Exemption laws are of purely statutory origin. ''At common law there were no exemptions from execution. Accordingly the general rule is that every species of property is liable for the payment of debts; and only those articles specified by statute can be held to be exempt.'' 11 R. C. L., p. 489.

It is obvious that our statutes which exempt life insurance effected by a husband on his own life from execution or attachment for the debts of the insured (Shannon's Code, sections 4030 and 4231) have no application to the instant case, and we are not aware of any statute of this State which provides, or attempts to provide, for such an exemption as that here claimed by the plaintiff in error.

It may be that a statute of that character would constitute ''wise and benevolent legislation'' (11 Humph., p. 45), but, in the present state of the law, the courts are powerless to afford the relief sought by plaintiff in error.

It results that the assignments of error are overruled and the judgment of the circuit court is affirmed, and judgment will be entered accordingly. The costs of the appeal will be adjudged against the plaintiff in error Robbins.

Crownover and DeWitt, JJ., concur.