MATTHEWS *v.* SOUTHERN COACH LINES, INC.

(*Nashville*, December Term, 1949.)

Opinion filed April 29, 1950.

G. H. RUSSELL, R. B. MATTHEWS, both of Nashville, for plaintiff in error.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

Plaintiff appeals from the action of the Trial Court in sustaining a demurrer to an amended declaration filed against the defendant in negligence for personal injuries. It appears from the declaration that at about 9:00 p. m., on the 31st day of August 1946, Plaintiff having been a passenger on one of the defendant's busses which had proceeded northwardly on Dickerson Road, had alighted from the bus at the intersection of that Road and Ligon Lane in Nashville. He alighted from the bus at the right front door and was proceeding westwardly across Dickerson Road on the crosswalk reserved for pedestrians, and in front of the bus, and when he had reached a point near the center line of Dickerson Road, still being in front of the bus, he was struck by a car proceeding south on the west side of Dickerson Road. It is alleged that at the time of the accident, the bus of the defendant was parked illegally in a northeasterly direction, having its left rear end some three or four feet over the center line of Dickerson Road, and

its right front end some two or three feet from the eastern margin of that highway. We have taken these facts as they are stated in the declaration which appears at pages 4 through 8 of the transcript.

Thereafter, as appears from page 14 of the transcript, the following order was entered on Thursday, November 3, 1949:

"Came the parties by their attorneys, also came a jury of good and lawful men of Davidson County, to-wit: Ben S. Gambill, Herman B. Moss. Chas. Goodwin, Sr., Arthur Williams, R. L. Corder, A. J. Baird, H. W. Mc-Nenaway, Leon Travis, James Miller, D. G. Hart, Forrest Williams and B. H. Wilson, and the jury having first been duly sworn to well and truly try the issues joined and whereupon, the plaintiff moved the Court to be allowed to amend his declaration and by agreement of counsel the Court granted said motion and the declaration was thereupon so amended.

"Thereupon, came the defendant and demurred to said declaration as amended, leave of the Court having first been obtained, which demurrer the Court is pleased to sustain.

"It is therefore ordered and adjudged by the Court that the plaintiff's suit be and the same is hereby dismissed; that the jury be discharged and excused from the further consideration of this case and that the defendant have and recover of the plaintiff all the costs of this cause for which execution may issue. To which action of the Court the plaintiff excepts."

The demurrer to the amended declaration is set out on page 15, but nowhere in the record as it has been presented to us, does it appear how or in what regard, the original declaration was amended.

■ Since the declaration as it appears in the transcript states no cause of action against the defendant, we are forced to presume that the amendment allowed was ineffective and that no cause of action was stated against the defendant in the amended declaration. The rule that, in the absence of a clear showing to the contrary by a proper record, the validity of the action of the Trial Judge will be conclusively presumed, is too well settled to merit citation of authority.

Affirmed.

All concur.