GEORGE FREDERICK MURFF, JR., Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

425 S.W.2d 286.

*(Nashville,* December Term, 1966.)

Opinion filed November 27, 1967.

Petition to Rehear Denied March 18, 1968.

DAN GARFINKLE, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and GEORGE W. McHENRY, JR., Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The issues presented by this appeal are succinctly stated in plaintiff-in-error's brief as involving "the sufficiency of a warrant issued by the general sessions court charging appellant with, 'driving while under the influence of an intoxicant' and, further, the validity of the action of the circuit judge, where said warrant was challenged, in permitting the district attorney-general to amend the warrant by adding: 'Driving an automobile

while under the influence of an intoxicant upon a public highway.' "

There is no bill of exceptions and Murff relies exclusively on his legal contentions the warrant charged him with no offense and that it was so fatally defective as not to be amendable; and in any event, not by the prosecutor, who had no knowledge of the facts.

On July 18, 1966, Murff was arrested on two Williamson County general sessions court warrants. The affidavit portion of one state warrant, which was verified by Earl M. Huff, charged that on July 15, Murff had committed "the offense of driving while under the influence of an intoxicant same being fourth offense. First offense occurring on October 14, 1961, general sessions court, Smith County, Tennessee. Second offense occurring July 13, 1963, City Court of Nashville, Tennessee. Third offense occurring July 15, 1966, City Court of Nashville, Tennessee."

The other state warrant, also verified by Huff, charged Murff with the offense of "driving while license revoked," on the same day as the other offense, July 15, 1966, and this warrant was likewise issued July 18, 1966.

Upon his arraignment before the general sessions judge, Murff waived in writing his right to be tried by presentment or indictment of a grand jury, and right of trial by a jury, and entered pleas of guilty to both state warrants, for which he was fined $50.00 and sentenced to six months in jail under the warrant charging him with a fourth offense of driving while intoxicated; and was fined $50.00 and sentenced to thirty days in jail for his offense of driving while his license was revoked.

Dissatisfied with the result of this proceeding, Murff appealed to the Circuit Court. There, when arraigned on the two state warrants, his counsel moved the court to dismiss or quash the warrant charging Murff with "driving while under the influence of an intoxicant", because the warrant did not specify that Murff was driving a motor vehicle, or that the driving took place on a public road.

To the second warrant, charging that Murff was guilty of the offense of "driving while license revoked", the plea was not guilty.

The trial judge was of opinion, and held, that the first warrant was not void, but charged defendant with an offense. However, over Murff's objection he allowed the State to amend the warrant to read, "driving an automobile while under the influence of an intoxicant upon a public highway."

The cases were then tried, and the court found defendant Murff guilty of a fourth offense of driving while under the influence of an intoxicant, and of driving without a license; and assessed as punishment, confinement in the county jail or workhouse for six months and a fine of $50.00 and costs in the intoxicated driving case, and a fine of $50.00 and costs in the driving vehicle while license was revoked case.

In this Court, while three errors are assigned, they make the two contentions first noted. With respect to these we have concluded: (1) that the warrant when read in its entirety was not illegal and void for failure to charge an offense; and (2), that in any event, the trial judge had discretion to allow the arrest warrant to be

amended, and this amendment was not void because of the way it was made.

██ While it is true as plaintiff-in-error argues, that T.C.A. sec. 59-1031 limits the offense there defined and proscribed to persons driving or in physical control of an automobile or other motor driven vehicle on the public roads and highways, of the State of Tennessee, and the streets and alleys of cities and towns, (*Olson v. Sharpe,* 36 Tenn.App. 557, 259 S.W.2d 867, 876), it does not follow that the warrant, when read in its entirety is void. For, the warrant does not simply charge Murff with "driving while under the influence of an intoxicant", it explicitly and specifically charges him of having been convicted of the offense attempted to be described on three prior occasions, the dates of which were set out in the warrant.

██ So, having in mind that T.C.A. sec. 59-1035, which prescribes the penalty for violating T.C.A. sec. 59-1031, and so must of course be read in pari materia therewith, prescribes increased punishment for successive violations of the drunk driving statute, and there being no other offense to which the three prior offenses alleged in the warrant have any relevancy or connection, we have, in our opinion, allegations in the state warrants which adequately meet the requirements of T.C.A. sec. 40-708, with respect to the contents of warrants of arrest, providing:

"40-708. Name of defendant—Offense stated.—The warrant should specify the name of the defendant, but if it be unknown to the magistrate, the defendant may be designated therein by any name. It should also state the offense either by name, *or so that it can be clearly inferred."*

██ With respect to the trial judge's authority to allow an arrest and trial warrant to be amended, we think

the best rule is that stated in 22 C.J.S. Criminal Law sec. 403(3) c. p. 1091:

"As a general rule the complaint, affidavit, warrant, or information may be amended on the appeal, or **a new** complaint or information filed. However, the amendment or substituted warrant or complaint must not change the nature of the offense or add a new offense."

It is of interest that in *State v. Smith,* 306 Mo. 451, 267 S.W. 869, the Missouri court overruled its prior holdings that the affidavit and information could not be amended, adopting the rule now generally followed, which permits both amendments or substitutions as the case may require.

The early cases, pronouncing against amendment of arrest warrants, arose out of the conflict between the king who sought unhampered power to arrest, and his subjects who sought with every reason to be free from such tyrranical power. In modern times, when even the rule against double jeopardy has been so modified as to permit amendments and substitutions in proceedings under indictments and presentments, there is no reason for not freely allowing amendments and substitutions of trial warrants where a defendant elects to go to trial upon such a warrant. In *State v. Costen,* 141 Tenn. 539, 213 S.W. 910, we held that an indictment could be recommitted to the grand jury finding it for amendment; in *Holder v. State,* 143 Tenn. 229, 227 S.W. 441, we held that at a subsequent term a new and valid indictment could be found and substituted for the first, defective indictment; and in *Bowmer v. State,* 157 Tenn. 124, 6 S.W.2d 326, we held that on reversal here for

invalidity of the indictment, the matter might be recommitted to the grand jury on remand for a new and perfect indictment.

In the light of these holdings, there is simply no purpose or policy or reason to be served in holding that a warrant on which a defendant elects to go to trial cannot be amended or substituted as the case may require.

■ As to the contention the amendment could only be made by the affiant Huff, we point out that all we have before us is the order which recites that the court "allowed the State to amend the warrant to read" etc. In view of this, we must presume in favor of the regularity and validity of the amendment, and that it was with acquiescence and participation of Huff, who was both the affiant and arresting officer, and as a witness against Murff, must have been present in court for the trial. See *State v. Nash,* 51 S.C. 319, 28 S.E. 946.

Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

Opinion on Petition to Rehear

MR. JUSTICE HUMPHREYS.

A petition to rehear has been filed making points for a reversal of our opinion, which we shall consider according to their order and merits.

■ The first point is that the legislative policy in Tennessee does not provide for or authorize amendments in criminal process. In support of this point reference is made to T.C.A. sec. 19-425, T.C.A. sec. 20-1504, 20-1505,

authorizing amendments in civil cases and calling attention to the fact there is no provision authorizing amendments in criminal proceedings before a justice of the peace or general sessions courts by any particular Code section. We were aware amendments in criminal proceedings are not authorized by any particular Code section. Had there been such a Code provision this case would not have been before us on this question. It is not reasonable to infer from the absence of a statutory provision for such amendments a legislative intention to prevent this Court from exercising its suprevening jurisdiction as it has in this case. If we were bound to nonaction by nonaction of the General Assembly we would be in a pitiful plight indeed. We know that that body recognizes the jurisdiction of this Supreme Court, and leaves to it the filling in of some of the gaps and voids where this not proscribed by the constitution or an act of the General Assembly.

In support of this point it is also argued that on trials in criminal courts amendments are permitted to indictments and informations when agreed to by the defendant. T.C.A. sec. 40-1713. This, of course, is true. But it was never thought that this statute could be read as preventing the amendment of an indictment without the agreement of the defendant. To the contrary, in spite of this statute, which would seem to imply that *this is the way* indictments and information may be amended, this Court, as pointed out in our opinion, has held that an indictment may be amended or substituted without the consent of the defendant.

The second point is that cases cited in our opinion from other jurisdictions as permitting amendments to criminal warrants are based on legislative authority. This point

is of no importance or effect. Our references to other authorities and cases was for the sole purpose of pointing out that it has now come to be considered to be in the public's best interest—the best public-policy—that arrest warrants on which defendants elect to go to trial should be subject to amendment or substitution. It wouldn't matter whether this public policy is first recognized by the legislature or by the courts. The point is the public policy is there, and it should be served if it can be served.

The third point for reversal is that there is no affirmative showing by the record that the person swearing to the warrant was present in the court or that he approved the amendment; that there is no bill of exceptions in this case. It is suggested *State v. Nash,* 51 S.C. 319, 28 S.E. 946, referred to in our opinion is of no help to our opinion on this point.

*State v. Nash,* 51 S.C. 319, 28 S.E. 946, has application, because the court held in an amendment case it would "assume that the changes (warrant amendment) were made at her instance, or with her full assent." p. 947. This assumption of assent and change at prosecutrix's instance was indulged in spite of the fact the prosecutrix's testimony was before the Court and contained nothing indicating that the amendment was at her instance, or with her full assent. That court simply followed the indispensable and ever applied rule that every presumption must be in favor of the regularity of the proceedings and the validity of the orders and judgment in the lower court, except where the record affirmatively shows otherwise. *Kornik v. Kornik,* 3 Tenn. C.C.A. (Higgins) 418 (1913); *Kincaid v. Bradshaw,* 65 Tenn. 102 (1873); *Jones v. State,* 79 Tenn. 468 (1883); *Cravens v. Robbins,* 8 Tenn.App. 435 (1928); *Southern Railway Co.*

*v. Black Diamond Collieries, Inc.*, 9 Tenn.App. 225 (1928); *Stepp v. Stepp*, 11 Tenn.App. 578 (1930); *Tiffany v. Shipley*, 25 Tenn.App. 539, 161 S.W.2d 373 (1941); *Matthews v. Southern Coach Lines*, 190 Tenn. 282, 229 S.W.2d 340 (1949); *Motors Ins. Corp. v. Lipford*, 194 Tenn. 216, 250 S.W.2d 79 (1952).

The cases just cited state in varying ways the proposition stated in our opinion that ''we must presume in favor of the regularity and validity of the amendment,'' which presumption would necessarily carry with it an assumption on our part that it was with the acquiescence and participation of the prosecuting witness present in court at the time.

The fourth point is that the warrant involved did not make a criminal charge and so was void. We have, of course, already considered this question, and have held to the contrary. We abide by that holding.

The fifth point makes the argument that in reaching the conclusion the warrant is sufficient, the Court based an inference upon an inference. In arguing this point petitioner seeks refuge under the wing of the State Constitution and the due process clause of the Fourteenth Amendment of the United States Constitution. Just exactly how these great guarantees have gotten involved in this point of an inference upon an inference is not too clear. It would seem the argument has progressed from concern with whether the warrant contains statements from which it is reasonable to infer T.C.A. sec. 59-1035 is involved, to the proposition that the alleged offenses which might make the increased punishment provided by sec. 59-1035 applicable, were in fact, not proved at the trial. But this is beside the point. We were consider-

ing the effect of the statements in the warrant. The question of guilt of successive offenses has never been before the Court—and is not in the record. We have not based an inference on an inference. We have simply held that the warrant must be read in its entirety, and that when it is so read the allegations therein reasonably indicating that increased punishment may be warranted under T.C.A. sec. 59-1035, are allegations of fact, (not inferences), which tend to explain the balance of the warrant. And that when all of the allegations are considered it is quite reasonable to infer petitioner was arrested and charged with being a successive violator of the law prohibiting the operation of a motor vehicle on the state highways in an intoxicated condition.

As pointed out in our opinion, T.C.A. sec. 40-708, provides in effect, that a criminal warrant is adequate if it states the offense either by name, "or so that it can be clearly inferred". We repeat, we think the warrant even prior to amendment, contained statements from which it could be clearly inferred that defendant was charged with successive violations of the drunk driving statutes. The possibility that we can be mistaken in this judgment is made even more remote when it is remembered the defendant, upon being arraigned in general sessions court, understood the charge against him sufficiently well to waive his right to have the offense investigated by the grand jury, and submitted the case to the general sessions court on a plea of guilty. And we point out that in the circuit court defendant was charged in another warrant with "driving while license revoked", and while this warrant did not explain what Murff was driving without a license or where he was driving it—and so was at least equal in effect to the other warrant, the impli-

cation of the statement was sufficiently clear, so that petitioner Murff pleaded guilty to that warrant.

It is argued this is the first case in Tennessee holding that a criminal warrant can be amended. The Court recognizes this is so. There is, likewise, no opinion to the contrary. This opinion was written for the purpose of remedying this situation. This Court concluded by reasoning parallel to that on which we have held presentments and indictments may be amended or substituted, and in the interests of the same public policy served thereby, that the time had come to declare that arrest warrants should be subject to amendment and to substitution, so as to defeat their dismissal upon technical grounds.

The petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.