IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 14, 2020 Session

## CHRISTINA KNAPP v . JASON BOYKINS

**Appeal from the Circuit Court for Shelby County**
**No. CT-4596-19      Valerie L Smith, Judge**

_____

### No. W2019-02154-COA-R3-CV

_____

This appeal involves the issuance of an order of protection based on allegations of stalking. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG, and CARMA DENNIS MCGEE, JJ., joined.

Jason Boykins, Memphis, Tennessee, Pro se.

Brian L. Yoakum, Memphis, Tennessee, for the appellee, Christina Knapp.

### MEMORANDUM OPINION[1]

#### BACKGROUND

On September 13, 2019, Plaintiff/Appellee Christina Knapp ("Appellee"), acting pro se, filed a petition for an order of protection in the Shelby County General Sessions Court ("general sessions court") against Defendant/Appellant Jason Boykins

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Appellant"). The petition alleged that Appellant was a former employee of Appellee and that he was stalking her. Specifically, Appellee alleged that Appellant "appears at her place of employment and stalks her for at least 10 hours on a daily basis." Appellee further asserted that Appellant's actions "cause her to feel terrorized, frightened, intimidated. threatened and harassed." Appellee therefore asked that Appellant be ordered to have no further contact with her. An ex parte temporary order of protection was issued by a general sessions court judicial commissioner on the same date. A hearing was set for September 30, 2019. On that date, the order was extended to provide that Appellant was "prohibited from being on Beale Street, Peabody Place parking garage–and the area between those locations."[2] A final hearing was set for October 17, 2019.

Following the final hearing, another judicial commissioner entered a final order of protection against Appellant. Therein, the judicial commissioner found that Appellant "continued to come around [Appellee's] place of business after he was served with the Temp[orary] Order of Prot[ection.]" Appellant was therefore found to have stalked Appellee and "ordered to refrain from telephoning, contacting, or otherwise communicating with [Appellee], directly or indirectly, or coming about [Appellee or Appellee's] residence or place of employment for any purpose[.]" The order was to remain in effect for one year, subject to future extension. Appellant filed a notice of appeal to the Shelby County Circuit Court ("the trial court") on the same day the order of protection was entered.

Appellee retained counsel and filed a trial brief in support of the order of protection petition on November 4, 2019. Therein, Appellee requested attorney's fees under Tennessee Code Annotated section 36-3-617(a)(1).[3] A de novo trial on the order of protection occurred the following day, November 5, 2019. The trial court entered its order granting the order of protection on November 6, 2019. Therein, the trial court recounted that in addition to the testimony of Appellee and Appellant, seven other witnesses testified. Ultimately, the trial court found that the evidence supported issuance of an order of protection and gave Appellant detailed instructions regarding what actions were prohibited by the order. In particular, Appellant was prohibited from coming within one city block of certain downtown Memphis locations where Appellee worked. The order of protection would remain in effect for three years. The trial court also awarded Appellee $12,500.00 in attorney's fees because Appellant's appeal "lacked factual and legal merit." Appellant thereafter appealed to this Court.

## DISCUSSION

---

[2] Appellee works in this location.
[3] Section 36-3-617(a)(1) provides that "[i]f the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent."

Appellant takes issue with the trial court's entry of the order of protection on both substantive and procedural grounds. Respectfully, Appellant's arguments are at times difficult to follow. We recognize that Appellant is proceeding pro se in this appeal.[4] We therefore keep the following principles in mind in considering this appeal:

> Parties who decide to represent themselves are entitled to equal treatment by the court. ***Murray v. Miracle***, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). The court should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. ***Id.*** However, the court must also be mindful of the boundary between fairness to the pro se litigant and unfairness to the pro se litigant's adversary. ***Id.*** While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

***Lacy v. Mitchell***, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016).

As we perceive it, Appellant appears to make the following arguments in support of his appeal: (1) that the judge was biased against Appellant in part due to a family relationship with Appellee's attorney and statements made in court; (2) the order of protection should not have been entered because Appellant was not stalking or harassing Appellee, and the order violated Appellant's constitutional rights; (3) the trial judge erred in allowing information from past hearings to be introduced during the de novo hearing in circuit court; (4) Appellee's attorney violated certain procedural rules, including but not limited to filing an untimely pretrial brief and in setting a hearing at such an early date; and (5) the trial court erred in awarding Appellee $12,500.00 in attorney's fees.

We begin with the allegations of bias against the trial judge. Litigants, as Tennessee courts have previously said, are entitled to the "cold neutrality of an impartial court." ***Kinard v. Kinard***, 986 S.W.2d 220, 227 (Tenn.Ct.App.1998). "Thus, one of the core tenets of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges." ***Davis v. Liberty Mut. Ins. Co.***, 38 S.W.3d 560, 564 (Tenn. 2001) (citing ***Kindard***, 986 S.W.2d at 228). Under Rule 10B of the Rules of the Tennessee Supreme Court, however, litigants must file written motions to recuse in the trial court. *See* Tenn. Sup. Ct. R. 10B § 1.01 ("Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion."). Failure to comply with this mandate will result in waiver of the recusal argument on appeal. *See, e.g., **Smith v.***

---

[4] Appellant proceeded pro se in the trial court, but was represented at times during the general sessions court proceedings.

***Smith***, No. E2017-01295-COA-R3-CV, 2019 WL 410702, at *3 (Tenn. Ct. App. Jan. 31, 2019) (holding that a recusal argument was waived where no written motion accompanied by an affidavit or declaration was filed in the trial court in compliance with the mandatory requirements of Rule 10B).

In this case, the technical record does not reflect that Appellant filed any written motion seeking recusal of the trial court. Moreover, as discussed in more detail *infra*, without the benefit of a transcript or statement of the evidence, we cannot determine whether this issue was raised in the trial court at all. Issues, however, may not be raised for the first time on appeal. *See **Vraney v. Med. Specialty Clinic, P.C.***, No. W2012-02144-COA-R3-CV, 2013 WL 4806902, at *17 (Tenn. Ct. App. Sept. 9, 2013) (citing ***Waters v. Farr***, 291 S.W.3d 873, 918 (Tenn. 2009)) ("It is well settled that issues not raised at the trial level are considered waived on appeal."). Based on Appellant's failure to file a properly supported written motion in the trial court, we must conclude that any argument concerning the recusal of the trial judge is waived.

We next consider Appellant's argument that the trial court erred in finding sufficient evidence to grant Appellee an order of protection. Here, the trial court held a one-day hearing in which multiple witnesses testified. Thereafter, the trial court entered a written order containing the following relevant conclusions:

> 2. The Court has jurisdiction over the parties and this case. [Appellant] was given reasonable notice of the hearing on his appeal and [Appellant] was given an opportunity to be heard.
> 3. [Appellee] has proven by a preponderance of the evidence her allegation that she has been stalked and harassed by [Appellant] since September 3, 2019.
> 4. The testimony of [Appellee] was highly credible, and [Appellant] presented no evidence contravening [Appellee's] testimony.

Appellant contends that his actions did not amount to stalking or harassing and were not sufficient to support the order of protection.

Our review of this issue is hampered by Appellant's failure to provide this Court with a transcript or statement of the evidence from the hearing before the trial court. Under Rule 24 of the Tennessee Rules of Appellate Procedure, the appellant is directed to provide this Court with a transcript or statement of the evidence of the proceedings in the trial court. *See generally* Tenn. R. App. P. 24(b) & (c). "The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." ***Chandler v. Chandler***, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012). Our authority "to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." ***Taylor v. Allstate Ins. Co.***, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004).

In the absence of the required transcript or statement of the evidence, "we must presume . . . that the transcript or statement of the evidence, had it been included in the record, would have contained sufficient evidence to support the trial court's factual conclusions." *Fayne v. Vincent*, 301 S.W.3d 162, 169–70 (Tenn. 2009) (citing *Kincaid v. Bradshaw*, 65 Tenn. 102, 103 (Tenn. 1873); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)); *see also Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) ("In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment."). In other words, we "cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod*, 849 S.W.2d at 783.

Appellant has provided this Court with neither a transcript nor a statement of the evidence. Appellant alleges that he was denied a transcript from the court reporter because counsel for Appellee refused to provide him with the necessary information. The record contains no evidentiary support for these allegations.[5] Instead, Appellant has chosen to include in his appellate brief various documents and photographs, many of which are not included in the record on appeal. It is well-settled, however, "that attaching a document to a party's appellate brief does not make the document part of the appellate record." *In re Dakota C.R.*, 404 S.W.3d 484, 502 (Tenn. Ct. App. 2012). Accordingly, we cannot consider documents attached to Appellant's brief that are not otherwise contained in the record on appeal. *See* Tenn. R. App. P. 13(c) ("The . . . Court of Appeals, . . . may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14 [regarding motions for consideration of post-judgment facts]."); *see also Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); *Forrest v. Rees*, No. 01C01-9411-CC-00387, 1996 WL 571765, at *3 (Tenn. Crim. App. Oct. 8, 1996) (stating that "attachments to briefs are not evidence and will not be considered by the appellate courts"); *Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984) (stating that "[m]erely attaching a document to a pleading does not place that document in evidence").

Regardless of Appellant's allegations concerning the transcript, Rule 24 provides a method for providing a record to this Court when transcripts are not available: by filing a statement of the evidence. *See* Tenn. R. App. P. 24(c) (noting the circumstances in which a statement of the evidence may be used in lieu of a transcript, including because of

---

[5] Moreover, Appellant admits in his brief that he was provided with the court reporter's information at least by January 2020. The record in this case was not filed with this Court until months later, in April 2020.

financial hardship as found by the trial court). Nothing in the record indicates that Appellant attempted to file such a statement. In the absence of a transcript or statement of the evidence, we presume that the trial court was presented with sufficient evidence to sustain its findings in support of the order of protection. Appellant's argument to the contrary therefore lacks merit.

Appellant also asserts that the order of protection violated his constitutional rights. In particular, Appellant cites both the First Amendment and the Fourteenth Amendment of the United States Constitution.[6] Appellant's brief, however, contains nothing more than a few conclusory assertions that his rights under these amendments were violated. Additionally, this portion of Appellant's brief contains no references to the record and no citation to legal authority other than a conclusory mention of the above amendments in support of his position. Under Rule 27 of the Tennessee Rules of Appellate Procedure, the appellant's argument must be supported by "citations to authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of. Prof. Responsibility of Supreme Court***, 301 S.W.3d 603, 615 (Tenn. 2010). Here, Appellant's brief contains nothing more than a skeletal argument that his rights were violated. Moreover, in the absence of a transcript or statement of the evidence, we are unable to evaluate whether sufficient evidence was presented in support of these arguments. As such, these arguments are waived.

Appellant's failure to provide us with a transcript or statement of the evidence also hinders our review of the multitude of procedural irregularities he takes issue with on appeal. As previously discussed, Appellant appears to take issue with, *inter alia*, certain evidentiary rulings made by the trial court, the timing of the trial, an alleged threat to find Appellant in contempt, alleged violations of the Tennessee Rules of Civil Procedure, and the fact that Appellee was permitted to submit a pretrial brief the day before trial. The problem with these arguments, however, is that, without a transcript or statement of the evidence detailing the proceeding, we have no way to verify those claims that are not evident from the technical record and no way to know that Appellant properly objected to those alleged errors that he now takes issue with on appeal.

Rule 36(a) of the Tennessee Rules of Appellate Procedure provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify

---

[6] Appellant also cited various federal statutes, including 28 U.S.C. § 1331 (a statute giving federal courts jurisdiction over federal questions), 28 U.S.C. § 1367 (giving federal courts supplemental jurisdiction over state claims), 28 U.S.C. § 1441 (providing for removal of actions to federal court), and 42 U.S.C. § 1983 (providing a civil remedy for deprivation of rights).

the harmful effect of an error." Based on this rule, we have often held that issues cannot be raised for the first time on appeal. *See, e.g., Farr*, 291 S.W.3d at 918. A similar rule applies in the context of evidentiary rulings, where parties must make contemporaneous objections to the admission or exclusion of evidence to preserve their arguments. In particular, Rule 103(a) of the Tennessee Rules of Civil Procedure provides that

> Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context; or
> (2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

It is therefore imperative for parties to provide this Court with a record from which we can determine whether timely objections were made to the admission of evidence and whether offers of proof were made concerning excluded evidence. Indeed, the Rules of the Tennessee Court of Appeals mandate that written arguments in appellate briefs contain "[a] statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous . . . action is recorded." Tenn. R. Ct. App. 6(a)(1).

In a similar case, we have held that the failure to provide a transcript or statement of the evidence showing that objections were made resulted in waiver of the issues on appeal:

> Father did not file a written response opposing the motion. In addition, Father included no transcript or statement of the evidence from the hearing showing that he objected to the transfer. Thus, nothing in record on appeal indicates that Father timely objected to Mother's request. It is well-settled that the appellant bears the burden to prepare a record that conveys a fair and accurate account of what transpired in the trial court with regard to those issues that are the bases of the appeal. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Because Father presented no evidence indicating that he objected to the transfer in the trial court, this issue is waived on appeal.

*Powers v. Powers*, No. W2012-01763-COA-R3-CV, 2013 WL 1804188, at *2 (Tenn. Ct. App. Apr. 30, 2013). Similarly, Appellant filed no written objection of any kind in the trial court. Without a transcript or statement of the evidence, we have nothing to indicate that

- 7 -

Appellant made any oral objections to errors he now complains of on appeal. Because Appellant has not shown that he raised timely objections on the issues he now complains of, his arguments that multiple errors occurred at trial are waived on appeal.

Appellant's argument concerning attorney's fees suffers from the same infirmity; without a transcript or statement of the evidence, we must presume that the trial court had sufficient evidence upon which to base its attorney fee ruling. *See Fayne*, 301 S.W.3d at 169–70. Moreover, Appellant's argument on this issue is insufficient. Specifically, Appellant's argument on this issue is as follows:

> [The trial court ordered] that I pay the [Appellee's] attorney . . . fees of 12,000 dollars which I find very unconstitutional, because [counsel] is the company's attorney which has quit[e] a few political ties and I can't think of one attorney that charges 12,500 dollars for a few hours[.]

Again, arguments that are not properly supported or developed are waived. *Sneed*, 301 S.W.3d at 615. In the absence of a sufficient argument on this issue or a transcript or statement of the evidence with which to evaluate this issue, Appellant's contention that the trial court erred in awarding Appellee $12,500.00 in attorney's fees is waived.

Finally, Appellee requests that she be awarded her attorney's fees incurred on appeal. This request was not designated as an issue on appeal, but rather is contained only in the body of Appellee's brief. As such, it is waived. *See, e.g., Naylor v. Naylor*, No. W2016-00038-COA-R3-CV, 2016 WL 3923790, at *4 (Tenn. Ct. App. July 15, 2016) (waiving the request for attorney's fees where it was not designated as an issue); *Rigsby v. Rigsby*, No. E2014-02095-COA-R3-CV, 2015 WL 7575075, at *7 (Tenn. Ct. App. Nov. 25, 2015) ("Because [appellee] did not raise the issue of attorney's fees on appeal in her statement of the issues, we determine this issue to be waived."); *Culpepper v. Culpepper*, No. E2014-00815-COA-R3-CV, 2015 WL 6735909, at *6 (Tenn. Ct. App. Nov. 4, 2015) (same).

## CONCLUSION

The judgment of the Circuit Court of Shelby County is affirmed, and this cause is remanded for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Jason Boykins, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE